The opinion of the Court was delivered by
"Waedlaw, A. J.
The bill states the defendant’s agreement to convey to the complainant a tract defined by lines and corners, and by survey found to contain seventy-seven acres, in consideration of $1,800, and speaks of this as part *256 of an. entire agreement, whereby there was also to be exchange between the parties of two smaller tracts. It exhibits' a memorandum signed by the defendant, by which he acknowledged the receipt from the complainant of $100, “ in part payment of the purchase-money of a tract of land to be defined according to lines and corners previously agreed upon, being part of the sum of $1,300, the price of said land, and I do hereby certify that I will give titles immediately.” And further, the bill states that, soon after the receipt was signed, a surveyor did, in the presence of the parties, survey the larger tract according to lines and corners shown by the parties, in conformity with their previous agreement, and made a plat which shows that the tract contains seventy-seven acres, and further, that the complainant has tendered to the defendant $1,200, the balance of the purchase-money, and is ready to make to the defendant titles for the small tract which complainant was to give in exchange, and to execute the whole agreement in full.
The answer avers that the defendant’s agreement was to convey two tracts in consideration of $1,300, and also of a third tract which was important to the defendant, and the principal object in his view; does not admit that, before the survey, the defendant had definitely agreed upon any lines for the larger tract, but sets forth that, for their mutual accommodation, the parties had agreed concerning three parcels, which were to be taken from the tracts upon which they respectively resided, and as to the larger parcel, had spoken of thirty-five or forty acres, to be contained in lines which were vaguely pointed out as likely to run in certain directions, and that, when the surveyor came, he was permitted to run certain lines experimentally for ascertaining what they would contain, but the quantity and delineations of his plat never were assented to by the defendant, who claims the benefit of the Statute of Frauds.
It is manifest that here is such discrepancy of statement *257 that no mere verbal agreement as to the land to be .conveyed can be enforced upon the ground of defendant’s acknowledgment in his answer, and the case depends upon the written memorandum.
The memorandum contains no description but by reference to a verbal agreement, and however precise that may have been, however exactly the survey corresponded with it, the question at last is, how the Statute of Frauds has been satisfied. “A tract of land to be defined,” shows something essential subsequently to be done. u According to lines and corners previously agreed upon,” seems to imply particulars which the parties shall agree upon previously to the defining. But even if the meaning is, a tract to be represented by a plat, which shall be inade according to a scheme upon which the parties have agreed, here is a contract partly in writing, and partly in parol, and the parol relates to the very important particular, the description of the thing to be conveyed. In a contract in writing, upon a matter to which the Statute of Frauds does not extend, reference to a verbal agreement might avail, as in such case a new contract, superseding the written one, might be shown by parol. But where the Statute of Frauds requires writing, even another instrument of writing referred to in the memorandum must be, by the memorandum, so described, that, by the description, it may be identified, and thus become part of the contract; and the instrument referred to must be in existence at the time when the memorandum was signed, otherwise the connection can of coúrse be established only by parol. Phil. Ev. pt. 2, ch.. 8, § 2; Clayton vs. Nugent, 13 M. & W. 200. Much less can the requisitions of the statute be complied with by a writing, which refers to a verbal agreement, whether that agreement is subsisting or afterwards to be made. The memorandum here mentions a tract of land, but a tract altogether uncertain. What tract ? One that shall be defined — say surveyed *258 and represented by a plat; that plat is to be made according to tbe defendant’s agreement, but there had been no agreement except by words, and the case is no better than if the defendant had promised, by the memorandum, to convey such quantity as afterwards it should please him to convey.
The order made by the Chancellor for dismissal of the bill with costs is affirmed.
Motion dismissed.
Dunkin, Oh. J., and Tnglis, A. J., concurred.

Appeal dismissed.