## LIVINGSTON v. EXUM.

1. A plaintiff having failed in his action for damages for trespass, alleged to have been committed by defendants on his lands, under subsequent proceedings to ascertain the damages to which the defendants were entitled under the injunction bond given by the plaintiff, he cannot raise the question of his title to such lands.

2. L. obtained a preliminary injunction to restrain P. and E. from getting crude turpentine on lands which he claimed, and gave an injunction bond ; final judgment was rendered for defendants and the injunction was dissolved. E. was not engaged in getting crude turpentine, but P. was, and was under contract to furnish to E. for distillation all that he (P.) got. *Held,* that the loss to P. was sustained by reason of the injunction, but that the loss to E. was not the natural and proximate effect of the injunction, and, therefore, could not be recovered by him as damages. But the counsel fee paid by E. for procuring a dissolution of the injunction was properly recoverable under plaintiff's bond.

3. Counsel fees allowed by the master, assumed, in the absence of a contrary statement in the brief, to have been incurred by defendants in having the injunction dissolved ; and such fees may be allowed as damages, recoverable under the injunction bond.

4. Parties failing to perfect their appeal taken from an order refusing to refer to the master their claim for damages under an injunction bond, are not entitled to a hearing of their appeal by this court when the cause is subsequently brought up by other appellants.

Before MACKEY, J., Orangeburg, January, 1881.

Action by John H. Livingston against the defendants named in the opinion of this court. The opinion fully states the case.

*Messrs. M. I. Browning* and *S. Dibble*, for appellants.

*Messrs. A. Lathrop* and *J. F. Izlar*, contra.

April 19th, 1883.  The opinion of the court was delivered by MR. CHIEF JUSTICE SIMPSON.  The plaintiff, respondent, claiming to be seized and possessed of certain lands situate in Orangeburg county, brought the action below to recover damages for an alleged trespass by defendants in cutting, hacking and boxing the pine trees growing thereon for crude turpentine, which gave the land its principal value.  An injunction was obtained at the beginning of the action, restraining the defendants from further trespass, upon the plaintiff giving an injunction bond in the sum of $500.  Before the trial the amount of this bond was enlarged by order from Judge Fraser.

At the trial, which took place at the January Term, 1880, of the Court of Common Pleas for Orangeburg county, upon the close of the plaintiff's testimony the presiding judge granted a non-suit as to the defendant Kennedy, and it appearing from the evidence that there was no community of acts between the other defendants, Phillips and Davis, the plaintiff was required to elect which he would proceed against.  He elected to proceed against Phillips and Exum, whereupon the complaint was dismissed as to Davis and the trial was had against these two defendants, in whose favor the jury rendered a verdict.

At the time the action below was commenced the defendant Phillips was engaged in getting crude turpentine from the trees upon the land in dispute, and he was under contract to furnish defendants Exum and Kennedy, who were running a turpentine still near by, all such crude material as he could make during the year· from February, 1879, to March, 1880.  The plaintiff was also running a still in the neighborhood.

The verdict having been rendered for the defendants, Exum and Phillips, judgment was ordered in accordance therewith. The injunction was vacated and set aside and an order was passed referring the matter to Thomas W. Glover, Esq., the master, to ascertain the damages to these defendants by reason of the injunction.  The defendants Kennedy and Davis moved

.at the same time for a similar order as to their damages. This was refused on the ground that the decision in their cases was not on the merits, a non-suit having been granted as to one and the case dismissed as to the other because the plaintiff had elected not to proceed against him. These defendants excepted and gave notice of appeal, but, as it seems, took no further steps to perfect their appeal except that their names are embraced in this appeal of the other defendants taken as to subsequent matters herein-.after.

The master reported as to the damages of Phillips and Exum, to wit: as to Phillips, the sum of $976. This estimate was based upon the quantity and value of the crude turpentine collected by Phillips, and which the plaintiff, after obtaining the injunction, appropriated to his own use. It also included a fee of $75 to his counsel. Exum claimed damages on account of the fact that Phillips had failed, by reason of the injunction, to furnish his distillery with the crude turpentine agreed upon, and also a fee of $65 paid to his counsel. The master allowed the fee but reported against the claim as to the other damage, because, in his opinion, this was too remote and uncertain, resting entirely upon the question of net profits which Exum might have made had Phillips furnished the crude material which the master thought was speculative, uncertain and dependent upon various contingencies impossible to be determined with any certainty. The master declined to consider the question of title to the premises set up by the plaintiff and made no report in refer-.ence thereto.

To this report both plaintiff and the defendants excepted. The exceptions of plaintiff are: 1. Because the master failed to allow to him certain items connected with collecting the crude turpentine after he took possession under the injunction. 2. Because the counsel fee was allowed. And 3. Because the master did not report that plaintiff, at the time the injunction was granted, was the owner in fee of the premises. Exum excepted: Because his claim for damages as to the profits was rejected; and Phillips, Because certain other items were not included in the damages reported for him.

P

The report of the master, with these exceptions, was heard by Judge Mackey at the January Term of the court, 1881, the attorneys having stipulated with each other that, if the report of the master as to Phillips should be affirmed, the damages should be set down at $757; and if Exum should be allowed damages because of profits lost by him, the amount should be $661.84; and, further, if the court should consider the question of title as a matter of defense to the damages, that then the report should be recommitted so as to give Exum and Phillips an opportunity of being heard before the master on that subject with their evidence. These stipulations were brought to the attention of the judge in connection with the report of the master.

Judge Mackey filed his decree in April, 1881, in which he held: First. That at the time and before the injunction, and during the whole time it was of force, the plaintiff was the owner in fee of all the lands and premises mentioned in said injunction. And second. That the defendants, Exum and Phillips, had sustained no damages by reason of the granting and continuance of said injunction. He, therefore, overruled the exceptions of the defendants, and, sustaining those of the plaintiff, set aside and vacated the master's report in so far as it awarded damages to said defendants, or either of them, ordering judgment to be entered with costs for the plaintiff.

Exum and Phillips appealed: First. Because it was error in his Honor to consider the question of title. And second. Because the report of the master as to Phillips' damages should have been confirmed, and that Exum, also, should have been allowed the damages claimed by him. The real questions arising upon these exceptions and presented for our consideration are: 1st. Whether the question of title to the premises should have been considered by the judge; 2d. Whether the counsel fees of the defendants, reported by the master, should have been allowed as part of the damages sustained by them; and 3d. Whether Exum was entitled to have damages on account of profits lost in the contract with Phillips as to furnishing crude turpentine from the premises in dispute.

We do not see how the question of title was involved in the report of the master, upon which the Circuit judge was called

to pass. The plaintiff's original action may or may not have involved it, but the matter referred to the master was solely the question of damages growing out of this injunction, the verdict of the jury having determined that the plaintiff had no cause of action against these defendants, and, therefore, that the injunction by which they had been restrained from pursuing their legitimate work was improper and illegal. Such being the fact, we think that the plaintiff could not interpose his title in this issue of damages.

The question as to his right to bring an action against the defendants for trespass upon the land, of which he claimed that he was seized and possessed, had been tried and adjudicated against him; from the judgment entered he had not appealed. He had given an injunction bond to be responsible for such damages as might be incurred by the defendants by this action in the event of failure to establish his right to the premises. He had failed, and a new issue arose between himself and the defendants, the issue of damages alone, which was a question of fact to be determined by the testimony pertinent to such issue without regard to the title. The master could not, under the order of reference, have considered the question of title, and it was not involved in his report made to the Circuit Court. As we understand the decree of the Circuit judge, he held that the defendants were not entitled to damages, not because of the fact that the testimony before the master failed to show damages, but because, as a matter of law, the plaintiff was the owner of the premises and was entitled to the turpentine grown and collected therefrom. We think it was error to permit the title to be thus interposed.

It is contended, however, in argument of respondent, that the Circuit judge, although he did hold that the respondent was the owner in fee of the land, yet it was not upon that ground that he overruled the master's report as to the damages, but that he found, as matter of fact in the testimony, that no damages had been sustained by the defendants; and it is urged that, under the repeated decisions of this court, this finding of the Circuit judge cannot be reversed unless the manifest weight of the evidence is against it. Admit this, and how does the case stand?

As to Phillips, there is certainly no evidence in the case opposed to the findings of fact by the master that a certain quantity of crude turpentine had been taken from him by the plaintiff, and that he had paid or was responsible for a fee to his counsel of $75, the value of which turpentine, including the fee, by agreement, was estimated at $757—all this resulting from the injunction.

As to Exum, if the loss of profits could legally be regarded as damages by agreement also, this was to be set down at $661.84, and there was no doubt as to the fee. As to the facts of the case, then, the findings of the judge on the question of damages were without any testimony to sustain them. Upon the most important the parties have agreed, so that the matter before the Circuit judge involved entirely questions of law, to wit: whether in law the counsel fees were proper claims of damages in such cases, and whether Exum's profits were too remote to be brought in, or otherwise disallowable. These seem to us to be the only questions in the case, and to these we will now direct our attention.

As to the general damages claimed by Exum, we concur with the master. His reasoning upon that subject is full and to the point, and sustained not only by the authorities cited by him, but by many others. He had no contract with the plaintiff, as to furnishing to his distillery crude turpentine, which the plaintiff had broken. His contract was with his co-defendant, and if he sustained any damages in connection with said contract, it was at the hands of his co-defendant, and not from the plaintiff. His damages, if any, arose from the breach of contract by Phillips; that this breach was caused by plaintiff's injunction, can not transfer Exum's claim over Phillips upon the plaintiff. Besides, his claim for damages being dependent as a matter of fact upon the further fact whether he would have realized any profits out of the contract with Phillips, even had it been complied with, makes the whole claim so uncertain, doubtful and remote as properly demanded its exclusion in the estimate made by the master. See the cases of *La Amistad de Rues*, 5 *Wheaton 385*; *1 Gallison* 324; *Home Machine Co.* v. *Bryan*,

24 *Am. Rep.* 735; *Fuller* v. *Edings,* 11 *Rich.* 239, relied on by the master.

It is exceedingly difficult, in fact almost impossible, to define with precision any general rule by which it can be determined with absolute certainty. how far liability extends as to the consequences of an act. In general terms it has been frequently said that this liability ceases with its natural and proximate consequences, but facts and their incidents are so frequently the result of combined causes and become in their turn so productive of other events and consequences so clearly interwoven with each other, that it is not always possible to say when they are natural and proximate and when they are too remote and doubtful. Therefore each case must in a great measure be determined by its own facts as compared to other analogous cases where the principle has been applied without referring to the numerous cases in detail where this subject has been discussed.

We think that an examination of the case of *Harrison* v. *Berkley,* 1 *Strobh.* 544, where the principle was carried as far perhaps as it well could be, and the numerous cases cited in the argument of that case by Mr. Gregg, will show that the master here did not err in excluding the claim of Exum. This claim did not belong to the class of loss sustained as the natural and proximate effect of the injunction upon him, but of gains prevented as the result of the injunction upon another party, Phillips, with whom it is alleged he had a certain contract, which the injunction caused him to violate. Here is one cause superinducing in its effects another cause, the effects of which last, and of which Exum complains, being in the highest degree contingent and doubtful to wit : gains prevented. We have found no case where such a claim has been established.

Next, as to the counsel fees. Mr. High, in his work on Injunctions, at section 973–4, page 562, lays down the rule extracted from numerous cases cited in the notes, to be that reasonable compensation as counsel fees in procuring the dissolution may be allowed as damages to be recovered in an action on the injunction bond, but fees paid for defending the entire action to which the injunction was merely ancillary, can not. This seems to be the true rule. There is nothing said in the brief

showing that the fees allowed by the master here were for the entire action, and not for resisting the injunction. In the absence of any statement by the parties on that subject, it is fair to presume that the master allowed them as expenses incurred in dissolving the injunction, and, if so, under the authority of Mr. High and the cases cited by him, they were legitimate.

We do not find the appeal of Davis and Kennedy before us in such shape as to be considered. It seems that these parties took no steps to perfect their appeal from the order of Judge Pressley refusing to refer their claim to the master, except simply giving notice of appeal. They filed no return nor did they prepare any case. The order of Judge Pressley was not an intermediate order as to them, but was final, and from that order they should have prosecuted their appeal within the time and under the regulations prescribed by the rules of this court. Having failed to do so they must be regarded as having waived their right.

It is the judgment of this court that the judgment of the Circuit Court be reversed, and that the case be remitted so that Phillips may be adjudged to be entitled to damages to the amount of $757, the amount stipulated by the parties, and Exum to the amount of $65.