HILL v. THOMAS.

1. After dissolution of an injunction, the damages sustained by the defendants and recoverable under an injunction bond wherein the parties obligated themselves "pursuant to the statute," may be ascertained by reference under section 243 of the code, and the assessment thus reached may be enforced by order of the court, and by execution against all the obligors, provided they have all been notified of the reference, and thus made parties to such proceeding.

2. It not appearing how much of the counsel fees paid by defendants were incurred in procuring a dissolution of the injunction, and how much for general services, the referee properly excluded them in fixing the damages sustained by reason of the injunction.

3. In such proceeding, errors of the clerk in the taxation of costs, cannot be considered. How much of such costs are recoverable under the injunction bond, not considered.

4. Judgment creditors, who had levied upon their debtor's lands, were enjoined from selling. A year later the sale was made by consent, and the injunction was dissolved—the lands not selling for an amount sufficient to pay the judgments. *Held,* that interest on the purchase-money for the year was a damage sustained by reason of the injunction.

5. Under proceedings to ascertain the damages sustained by defendants properly recoverable under an injunction bond, and wherein such damages were ascertained to be in excess of the penalty of the bond, the judgment should be for the penalty of the bond and also for the costs * of such proceedings.

Before ALDRICH, J., Union, October, 1881.

The opinion states the case.

*Mr. D. A. Townsend,* for appellant.

*Mr. C. C. Culp,* contra.

April 19th, 1883. The opinion of the court was delivered by

MR. JUSTICE McGOWAN. Judgment creditors of G. W. Hill levied upon his interest in a tract of land and were proceeding to sell it, when he instituted an action claiming that his children were joint tenants with him in the land, praying partition, and also that a homestead should be set off to him in his part; and in order that the questions might be considered before the land was sold, procured an injunction January 3d, 1878, restraining the sale until the further order of the court. As a condition of getting the injunction, he entered into an undertaking with W. K. Thomas and M. S. Thomas as sureties, in which they undertook, " pursuant to the statute," to pay the defendants " such damages, not exceeding two hundred dollars, as they may sustain by reason of the injunction, if the court shall finally decide that the plaintiff is not entitled thereto."

---

* After remittitur issued to the Circuit Court of Union, the clerk of that court taxed the costs of this proceeding, allowing to the attorney for the creditors, Mr. Culp, the usual attorney's costs. Upon appeal to the Circuit Court from that taxation, it was held by Judge Kershaw, (June, 1883,) under the authority of *Columbia Water Power Company* v. *Columbia,* 4 *S. C.* 388, and *Lawton* v. *Green,* 64 *N. Y.* 326 and other cases, that this was a special proceeding, and that therefore the attorney was not entitled to costs.—REPORTER.

The creditors were numerous, and being represented, generally,. by two law firms, filed separate answers making the same points,. denying the right to partition, and some of them denying the right to homestead as against their debts which antedated the constitution. Hill's homestead was laid off January 2d, 1878,. but was excepted to.

The case was first heard by Judge Hudson, who decided that. Hill, the plaintiff, was not a joint tenant with his children, but had a life-estate with limitation over, refused the partition prayed for, but held that he was entitled to homestead, except as to debts. which were older than the constitution—said homestead to end with his life-estate—and referring the matter of dates of the different debts to Joseph F. Gist, Esq., as referee; continued the existing injunction "until the further order of the court." On appeal this decree was affirmed (11 *S. C.* 346) and the life-interest of G. W. Hill in the land was sold in January, 1879, and the costs were taxed, the clerk giving full costs for all the answers. to the amount of $295.50, for which execution was issued against him.

The referee, Gist, reported that the debts of S. M. Dawkins. as executor, and of Glenn & Austin as executors, amounting to about $800, were older than the constitution, and the report coming up before Judge Wallace, April 23d, 1880, he confirmed it, authorizing the creditors above named to enforce their executions against the homestead, "vacated and set aside the injunction heretofore granted," and ordered "that it be referred to D. Johnson, Jr., to ascertain the damages sustained by the creditors by reason of the injunction granted January 8th,. 1878," &c.

Under this order to assess the damages against the plaintiff, G. W. Hill, and his sureties, W. K. Thomas and M. S. Thomas, the creditors claimed that they should be allowed as damages: First. The interest on the sum realized from the sale of the land for one year (1878), $211.57. Second. The whole costs taxed in the case against G. W. Hill, $295.50. Third. All the counsel fees paid by the creditors in the defense of the case, $453.30, aggregating $880.37; and, in addition, the value of one year's. use of the life-estate, not reduced to figures. The sureties on.

the undertaking denied that they could be made liable at all, except by action at law on their undertaking and the verdict of a jury. But, if the form of proceeding by reference was legal, they denied that the creditors had been damaged by reason of the injunction; that they could not be charged with the costs or counsel fees incurred in the general case; and that, as to the delay in the sale of the land, which was the result of the injunction, the creditors were actually benefited by it, as in the meantime the lands appreciated in value.

The referee disallowed the counsel fees but allowed the whole tax costs ($295.50) and the interest on the sum realized from the sale for one year ($211.57), in the aggregate $507.07. To this report both the creditors and the obligors on the undertaking excepted, and the case coming on before Judge Aldrich, he confirmed the report as to the tax costs ($295.50), but overruled it as to the interest ($211.57) and counsel fees ($453.30), disallowing the interest but allowing the tax costs and counsel fees, amounting to $748.80, but limiting his decree to $200, the amount of the undertaking, ordered "that the defendant creditors have judgment against the plaintiff, G. W. Hill, and his sureties, W. K. Thomas and Margaret S. Thomas, for the sum of two hundred dollars and for the costs of this proceeding, and that the said defendant creditors have leave to issue their execution therefor."

From this order the obligors on the undertaking appeal to this court upon the following grounds:

1. Because his Honor overruled all the exceptions of M. S. Thomas, W. K. Thomas and G. W. Hill to the report of the referee, except the second exception, which related to interest on the fund realized from the sale of G. W. Hill's land.

2. Because his Honor erred in confirming said report in so far as it allows as damages sustained by reason of the injunction the sum of two hundred and ninety-five dollars and fifty cents ($295.50), the whole of the taxed costs in the action in which the injunction was granted.

3. Because his Honor erred in allowing as such damages the counsel fees paid by the judgment creditors in said suit.

4. Because his Honor erred in not holding that only the costs.

and counsel fees incurred in a motion to dissolve the temporary injunction are proper items of damage sustained by reason of the injunction, and not the costs and fees of the main suit.

5. Because his Honor should have held that the increase of twenty-five per centum in the value of G. W. Hill's land during the continuance of the injunction, as shown by the testimony before the referee, should be set off against or deducted from any damages assessed in favor of the judgment creditors.

6. Because his Honor erred in adjudging that G. W. Hill and his sureties on the injunction bond shall pay the whole amount for which said bond was given, to wit: two hundred dollars, in addition to the costs of proceedings to assess damages, two hundred dollars being the greatest amount for which said sureties can be held liable.

7. Because his Honor erred in ordering judgment for any amount at all, one of the said sureties, to wit: W. K. Thomas, not having been a party to the original action, and the proper course in regard to both the principal on said bond and his sureties being an action on said bond for the amount assessed.

We will not follow the exceptions, but endeavor to consider the questions as they arise in order; and first, Whether the damages could be ascertained by a mere reference, without regular suit at law upon the undertaking, making the obligors parties, and having the question of damages submitted to a jury? This was an equity suit, and although the undertaking sprung from the suit, it was in form a legal obligation. The general rule is, that all questions of damage should be referred to a jury.

We cannot recall a case under the practice of the old Court of Equity in which that court undertook by mere reference to ascertain damages upon an injunction bond against persons who were not parties to the principal action, in which the order was made. The case of *Gadsden* v. *The Bank of Georgetown*, 5 *Rich.* 337, was an action at law upon an injunction bond given in an equity suit, and so were the cases of *Norris* v. *Williams*, 8 *Rich.* 58; *Aldrich* v. *Kirkland*, *Id.* 351, and *Fant* v. *Martin*, 10 *Rich.* 428.

But section 243 of the code of civil procedure provides that, "when no provision is made by statute as to security upon an

injunction, the court or judge shall require a written undertaking on the part of the plaintiff, with or without sureties, to the effect that the plaintiff will pay to the party injured such damages, not exceeding an amount to be specified, as he may sustain by reason of the injunction, if the court shall finally decide that the plaintiff was not entitled thereto. The damages may be ascertained by a reference or otherwise, as the court shall direct," &c. Since the adoption of this provision, we have had no case involving the precise point; but the New York code has one precisely similar, and the practice there seems to be, that upon the dissolution of the injunction by order of court, a reference under the code to ascertain the damages follows as a matter of course. *Voorhees Annotated Code* (10th Ed.) 325.

But there is some conflict in the authorities as to how the amount so ascertained shall be enforced—by execution or order—and whether, upon the confirmation of the report, the judge may at once order the amount paid or the parties must resort to an action at law upon the undertaking. In the cases of *Fitzpatrick* v. *Flagg*, 12 *Abb.* 189, and of *Patterson* v. *Bloomer*, 37 *How. Pr.* 450, it was held that, in order to enforce the amount ascertained against the sureties, it was necessary that an action should be brought on the undertaking. But it would seem that the most approved authorities there hold that another action is unnecessary, and that the judge may order the amount paid at once. If, as seems to be conceded, the ascertainment of the amount by the referee takes the place of a trial by jury, we do not see why another action on the undertaking should be necessary. The summary mode of enforcing it is in conformity with the familiar principle that the court of equity having jurisdiction, in order to prevent delays, expenses and circuity of action, will in certain circumstances provide for the assessment and payment of damages. *Adams Equity* 219.

It is true that this court has held in the case of *Earle* v. *Cureton*, 13 *S. C.* 19, that a judgment for costs entered against one who was surety for costs, without any proceeding against him to charge him upon his obligation, is wholly void; but that was where no proceeding of any kind had been taken against the surety. By signing the undertaking under the law as it now

stands, in which the parties obligated themselves "pursuant to the statute," it may be considered that the surety waived a trial by jury in assessing damages, and that the summary proceeding by reference is somewhat analogous to that by which, under the old rule of court, the collection of costs was enforced against a surety whose obligation in terms acknowledged his liability, if the plaintiff failed to recover. It seems to us that there can be no great objection to the summary mode of enforcing the assessment found under reference, by order, without the delay and expense of another action; provided always that the surety is regularly notified, and thus made a party to the proceeding to assess the damages.

Second. Assuming, then, that the issue was made in a manner authorized by law, and that all the obligors were represented, was it error to exclude the counsel fees paid by the creditors as an element of damage done them by the injunction? There may be cases, as in *Livingston* v. *Exum, ante p.* 223, in which counsel fees for the single act of dissolving the injunction should be allowed; but we think, as a rule, the fees paid for general services in the case are not allowable. The charges made did not distinguish as to how much was for general services in defending the case, and how much was for dissolving the injunction; and we think the referee was right in excluding them. Without going fully into the subject, it is enough to say that this seems to be the settled doctrine not only of this State, but of the Supreme Court of the United States. *Dehay* v. *Furguson & Dangerfield*, 2 *McMull.* 228; *Jeter* v. *Glenn*, 9 *Rich.* 374; *Welch* v. *N. E. Railroad Co.*, 12 *Rich.* 290; *Oelrichs* v. *Spain*, 15 *Wall.* 211; *Sedgw. on Damages* 99.

In our own case of *Welch* v. *The Railroad, supra*, which was an action on the case to recover damages for a trunk lost, Judge O'Neall said, speaking of counsel fees: "Such an item has never been allowed in this State. It cannot be said to be a necessary result of the act done by or negligence of the defendant." And in the case from Wallace, the Supreme Court gives the rule, and also the reasons for it, thus: "In debt, covenant and assumpsit, damages are recovered, but counsel fees are never included. So, in equity cases, where there is no injunction

bond, only the taxable costs are allowed to the complainants. The same rule is applied to the defendant, however unjust the litigation on the other side, and however large the *expensa litis* to which he may have been subjected.   There is no fixed standard by which the *honorarium* can be measured.   Some counsel demand much more than others.   Some clients are willing to pay more than others.   More counsel may be employed than necessary.   A reference to a master, or an issue to a jury might be necessary to ascertain the proper amount, and this grafted litigation might possibly be more animated and protracted than that in the original cause.   It would be an office of some delicacy on the part of the court to scale down the charges, as might sometimes be necessary.   We think the principle of disallowance rests on a solid foundation, and that the opposite rule is forbidden by the analogies of the law and sound public policy."

Third. As to the costs taxed in the case against the plaintiff, G. W. Hill.   In considering this question here, we cannot correct any error which may have been made in the taxation of the costs against G. W. Hill.   If any such error was made, it should have been corrected on appeal from the clerk's taxation.   We think it by no means clear, however, that all the tax costs should be considered as damages sustained by the defendants by reason of the injunction.   This was not an action exclusively for injunction, but to determine the rights of parties in reference to a tract of land, and the injunction was ancillary thereto. *Hovey* v. *Rubber Tip Pencil Company,* 50 *N. Y.* 335; *Disbrow* v. *Garcia,* 52 *N. Y.* 654.   But, from the views which we take of another of the items of alleged damage, it is unnecessary to determine how much, if any, of the costs taxed against Hill, and not yet paid by any party, should be considered as damages sustained by the defendants by reason of the injunction.

Fourth. In regard to the other item claimed as damages, viz.: the interest on the sum realized from the sale of the land for one year, $211,57; that is to say, the interest lost on the purchase-money by receiving it when the injunction was dissolved, instead of a year sooner, when it was granted.

It appears to us that the loss of this interest by the delay in the sale of the land was the direct result of the injunction, and,

assuming that the court decided that the injunction should not have been granted, was correctly charged by the referee. In opposition to this view, it is argued that during this delay, lands in Union county, including these, appreciated in value twenty-five per cent., and, therefore, the defendants were not injured, but, as a matter of fact, were actually benefited by the delay. This fact is not conceded. There was evidence tending to show that the creditors would have given as much in 1868 as in 1869. But suppose the fact was as claimed, it could not alter the case. Such a change in the salable value of land must be merely conjectural, and, so far as these parties are concerned, purely accidental. We are obliged to assume that the land would have brought the same price when the sale was enjoined as it did afterwards when actually sold.

The amount of the undertaking, two hundred dollars, must limit the right of recovery, and as the interest on the purchase-money of the land for a year was more than that sum, the judgment of the Circuit Court should substantially be affirmed. But, whilst that is the limit of the right of recovery upon the part of the creditors, the obligors on the undertaking are liable, in addition, for the costs of the proceedings to ascertain and collect that sum. " In all recoveries upon warranties, where the law has prescribed the purchase-money and interest as the measure of damage, the tax costs of the eviction are added." *Jeter* v. *Glenn, supra ;* and see 2 *N. & McC.* 190.

With these explanations and qualifications, the judgment of this court is, that the judgment of the Circuit Court, ordering the obligors of the undertaking to pay two hundred dollars and the costs of the proceeding to assess the same, be affirmed.