## 21072

Grady Gaines GOODWIN, Respondent, v. The HILTON HEAD
COMPANY, Appellant.

(259 S. E. (2d) 611)

*William M. Bowen* and *Drew A. Laughlin,* of *Bowen, Cooper, Beard & Smoot,* Hilton Head Island, *for Appellant.*

*W. Rhett Eleazer,* Columbia, *for Respondent.*

October 25, 1979.

LEWIS, Chief Justice:

This action was instituted for the specific performance of an alleged contract for the sale of real estate and to recover damages occasioned by the failure to convey the property as agreed. The basic issue concerned the existence of a binding contract for the sale of the property. This issue, together with the question of damages, was submitted to a jury for determination, resulting in the return of a special verdict finding that (1) a contract of sale was entered into between the parties, (2) the defendant (appellant) had breached the contract, and (3) plaintiff had been damaged in the sum of $24,000.00. Thereafter, the lower court, agreeably to respondent, reduced the damage award to $20,000.00 and entered an order directing specific performance of the contract of sale and judgment for damages in the reduced amount. This appeal is from that judgment.

While others are argued, resolution of the questions concerning (1) the sufficiency of the evidence to sustain the finding that a valid contract existed, and (2) the allowance of damages are dispositive of all issues raised in the appeal.

Appellant argues that there was no written memorandum of the alleged contract of sale as required by the Statute of Frauds, Section 32-3-10 of the 1976 Code of Laws and, therefore, respondent's action must fail for that reason. Respondent sought to establish the written contract from several documents in evidence. The lower court properly held that the written documents in evidence, considered as a whole, satisfied the requirements of the Statute of Frauds.

The governing principles were thus stated in *Speed v. Speed,* 213 S. C. 401, 49 S. E. (2d) 588, 591:

It is well settled that the form of writing required by the statute is not material. The contract may be evidenced by one writing or more. It may be shown entirely by written correspondence. Whatever form the agreement may assume, if the writing or writings, viewed as a whole, constitute, in essence or substance upon their face, a note or memorandum in writing, subscribed by the party sought to be charged, showing who the contracting parties are, the subject matter of the sale, and the consideration, the statute is satisfied.

The record shows that, on June 15, 1976, the parties entered into negotiations for the purchase by respondent of Lot No. 20 on Port Royal Plantation, in Beaufort County, South Carolina; and a deposit of $1000 was made on the purchase price. In the negotiations, the use to be made of an adjacent lot of 3½ acres became material and, on July 25, 1976, respondent made a written offer for the purchase of both, Lot No. 20 and the adjacent 3½ acre parcel, with a check attached for an additional deposit of $1,000.00. The offer was directed to appellant, stated a consideration of $90,000.00, the terms of payment, and a description of the property involved. There is testimony that thereafter, respondent was informed of the acceptance of his offer of July 25 and that his check for $1,000.00, which accompanied his offer, was deposited by appellant on July 27. Appellant then had the property surveyed on August 2, 1976, and mailed a copy of the survey to respondent.

While the testimony on the material issues is in conflict, the foregoing amply sustains the finding of the lower court that the written documents in evidence satisfied the requirements of the Statute of Frauds.

The remaining issues concern the question of damages. Appellant contends that the trial judge was in error (1) in refusing to instruct the jury that a duty rested upon re-

spondent to mitigate his damages and (2) in submitting the issue of consequential damages to the jury.

The sale in this case involved two parcels of land, lot 20 and a 3½ acre adjacent tract. Respondent desired to build a house on the property and his claim for consequential damages was based upon the increase in building costs resulting after the refusal of appellant to convey the property. Appellant conceded a binding agreement for the sale of lot 20, but denied any agreement to sell the 3½ acre tract. The basis of appellant's contention, relative to the duty of respondent to mitigate his damages, is that respondent should have accepted conveyance of lot 20 on which to build his house and thereby mitigated his damages from rising building costs.

Respondent alleged, as the basis of recovery, a contract with appellant for the sale of both parcels of land. The lower court found that the contract of sale included both parcels. Under appellant's contention respondent would be required to accept partial performance in mitigation. The lower court properly held that there was no legal requirement for respondent to accept partial performance in order to mitigate his damages. He was entitled to rely upon the contract as made.

Appellant lastly argues that consequential damages should not have been allowed. The consequential damages involved were those awarded for the increase in building costs which resulted from the delay caused by the refusal of appellant to convey the subject property. Appellant argues that these damages were not foreseeable and were not specifically alleged by respondent in his complaint.

Consequential damages occasioned by the breach of a contract may be recovered where such damages may reasonably be supposed to have been within the contemplation of the parties at the time the contract was made, *Hutson v. Continental Assurance Company,* 269 S. C. 322, 237 S. E. (2d) 375.

There was testimony showing that appellant was informed the property was being purchased for the purpose of immediately constructing a house and that appellant, through its agent, agreed to provide fill dirt to build the lot up to the needed height. Damages were assessed upon the basis of a house containing 2,000 square feet, the minimum permitted under the building restrictions in force in the subdivision. The testimony supports the inference that the building of a home by the respondent was within the contemplation of the parties at the time of the sale and that increased building costs to respondent was a foreseeable consequence of its breach.

Appellant also argues that the house to be built by respondent was not sufficiently described to afford a basis for the assessment of damages for increased building costs. Reference was made by the trial judge to a Hilton Head type house as descriptive of the type house contemplated by the parties. In view of the significant testimony on the subject of building costs, this reference by the trial judge to "a Hilton Head type house" was harmless.

There was testimony by an expert on the subject of costs of residential construction in the Hilton Head area and concerning the general increase in residential building costs, from which a reasonable assessment of damages incurred by respondent could be made.

We conclude that the record contained ample evidence upon which to make a reasonable assessment of the claimed consequential damages, and the findings of the lower court thereabout are affirmed.

The contention of appellant that consequential damages were not alleged in the complaint was not made in the lower court and cannot be raised for the first time on appeal.

Judgment is affirmed.

LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.