642 S.E.2d 602

**Patricia FICI, Respondent/Petitioner,**

**v.**

**Karol KOON, Kerry Koon Stack, Century 21 Bob Capes Realtors, Inc., and Francis Hipp, Defendants,**

**Of whom Karol Koon and Kerry Koon Stack are the, Petitioners/Respondents,**

**And Century 21 Bob Capes Realtors, Inc., and Francis Hipp are the, Respondents.**

No. 26283.

Supreme Court of South Carolina.

Heard Jan. 31, 2007.

Decided March 12, 2007.

Rehearing Denied April 4, 2007.

Jean P. Derrick, of Lexington, for petitioners/respondents.

William E. Booth, III, of West Columbia, for respondent/petitioner.

Justice MOORE:

Respondent/petitioner Patricia Fici (Buyer) brought this action against petitioners/respondents Karol Koon and Kerry Koon Stack (Sellers) seeking specific performance of a contract for the sale of land. The master-in-equity found the

contract violated the Statute of Frauds and was therefore unenforceable; he also denied Sellers' motion for attorney's fees. Both parties appealed. The Court of Appeals affirmed in an unpublished opinion. We affirm in part and reverse in part.

## FACTS

The pertinent facts are largely undisputed. Sellers, who are sisters, jointly own fifty acres in Richland County. At Buyer's request, real estate agent Francis Hipp (Agent) contacted Sellers about their listing for the sale of thirty of the fifty acres. Agent acted as a dual agent for both Buyer and Sellers.[1]

The parties signed a form contract dated February 27, 2001, for the sale of thirty acres at a price of $375,000 based on a rate of $12,500 per acre. The contract lists the property to be sold as: "lot 2, Polock Road, tax map # 052000102" in Irmo, Richland County. This description actually refers to the entire fifty-acre parcel owned by Sellers.[2] The contract specifies that the property conveyed will have "at least thirty acres," that Sellers will have the property surveyed, and states: "purchaser and seller to agree on location of property lines."

On March 9, the parties met at the property site with a surveyor to determine where the property lines would be drawn. On an existing plat from 1960, the surveyor roughed in boundary lines and Sellers and Buyer signed their names. On the plat is written: "Survey to be performed week of March 12 by CTH Surveyors." Buyer and Sellers all testified they did not consider this rough plat as representing the actual parcel to be conveyed.

At this same meeting between the parties, there was some discussion of restrictions on the property, including a prohibition on subdividing, leasing, and the use of firearms. After Sellers left, Buyer told Agent that she had been advised by her attorney that any restrictions would not be valid because they were not included in the contract. Buyer's attorney

---

1. Causes of action regarding Agent are not at issue in this appeal.

2. This is public information from the assessor's office online at http://www.richlandonline.com/services/assessorsearch/assessorsearch.asp.

subsequently contacted Agent and insisted that Sellers produce written restrictions. Because Sellers did not have an attorney, they used samples of restrictions supplied by Agent to draw up written restrictions. These restrictions applied to the entire fifty-acre parcel.

Meanwhile, the surveyor drew up a plat and delivered it to Agent on March 14. Sellers did not approve this plat. The surveyor delivered a second plat on March 20. The plat indicates three tracts: one in each of Sellers' names individually, and the third in their names jointly. Agent recorded this plat on March 21 along with the written restrictions because the surveyor told him a plat had to be filed in order to file any restrictive covenants. Buyer subsequently signed this plat indicating "property lines for tract 3 are OK with me." Sellers, however, never signed this plat. Sellers and Agent testified that Sellers were not satisfied with the property lines on either plat prepared by the surveyor.

Buyer, in turn, was unhappy with Sellers' written restrictions and wanted to compromise on new restrictions which Sellers refused to do. At the scheduled closing on March 30, Sellers appeared but refused to proceed.

Buyer subsequently brought this action. The master denied Buyer's request for specific performance of the contract finding the conveyance was unenforceable under the Statute of Frauds. Further, he denied Sellers' request for attorney's fees. The Court of Appeals affirmed.

## ISSUES

1. Is the conveyance enforceable?

2. Are Sellers entitled to attorney's fees under the contract?

## DISCUSSION

### BUYER'S APPEAL

#### Statute of Frauds

The Statute of Frauds, S.C.Code Ann. § 32-3-10 (1991), provides in pertinent part:

## § 32–3–10. Agreements required to be in writing and signed.

No action shall be brought whereby:

. . .

(4) To charge any person upon any contract or sale of lands, tenements or hereditaments or any interest in or concerning them;

. . .

Unless the agreement upon which such action shall be brought or some memorandum or note thereof shall be in writing and signed by the party to be charged therewith or some person thereunto by him lawfully authorized.

To satisfy the Statute of Frauds, every essential element of the contract must be expressed in a writing signed by the party to be compelled. *Cash v. Maddox*, 265 S.C. 480, 220 S.E.2d 121 (1975); *Speed v. Speed*, 213 S.C. 401, 49 S.E.2d 588 (1948).[3] The burden of proof is on the party seeking to enforce the contract. *Cash, supra.*

In the context of a land sale, a description of the property must be in a signed writing; parol evidence cannot supply this essential element. *Jackson v. Frier*, 118 S.C. 449, 110 S.E. 676 (1922); *Hyde v. Cooper*, 34 S.C. Eq. (13 Rich. Eq.) 250 (1867). Parol evidence may be used only to explain terms appearing in the description;[4] the signed writings must contain a sufficient description of the land to show with reasonable certainty what is to be conveyed. *Cash*, 265 S.C. at 484, 220 S.E.2d at 122.[5] A description that does not include

---

3. A contemporaneous writing specifically identified in the signed writing qualifies as part of the signed agreement. *Hyde v. Cooper, infra.*

4. For instance, where the signed writings referred to "the house in which [the seller] resides," parol evidence was· admissible to identify the house since there was only one piece of property fitting that description. *Kennedy v. Gramling*, 33 S.C. 367, 11 S.E. 1081 (1890).

5. We note that *Goodwin v. Hilton Head Co.*, 273 S.C. 758, 259 S.E.2d 611 (1979), is unclear on this issue. There the buyer sent an offer, including a description of the property, with a check. The seller deposited the check and then had the property surveyed and sent a copy

the location of the land or its boundaries is inadequate. *Humbert v. Brisbane,* 25 S.C. 506 (1886). Where there is no adequate description of which part of a parcel is to be conveyed, the conveyance is unenforceable. *Cash, supra; Cousar v. Shepherd–Will, Inc.,* 300 S.C. 366, 387 S.E.2d 723 (Ct.App. 1990).

■■ Here, the master considered two signed writings— the form contract signed February 27 and the 1960 plat with roughed-in property lines. The form contract does not contain a description of the property to be conveyed except to specify that it is "at least thirty acres," and indicates that Buyer and Sellers were to agree on property lines. The 1960 plat, according to the testimony, was never intended to indicate the final boundaries but was to be the basis of the surveyor's plat. The master, affirmed by the Court of Appeals, found these documents insufficient to satisfy the Statute of Frauds. We agree. A conveyance of land is unenforceable if the contract provides only that the boundaries are to be determined upon agreement to a subsequent survey and plat. *Hyde v. Cooper, supra.* The signed form contract dated February 27 is nothing more than an agreement to agree which is unenforceable under the Statute of Frauds.

Buyer contends the master erred in failing to consider other documents surrounding the proposed sale which supply the required description of the land to be conveyed. Buyer points to the surveyor's plat recorded with the written restrictions. This plat divides the fifty-acre parcel into three tracts, two in Sellers' names individually and one jointly in both Sellers' names. The plat itself is not signed by Sellers. Sellers did sign the restrictions filed with the plat, but these restrictions apply to the entire fifty acres and do not indicate Sellers' assent to the property lines within the fifty-acre parcel for purposes of the sale to Buyer. In fact, the undisputed testimony indicates Sellers were never satisfied with the plats prepared by the surveyor. Buyer also points to a hold-harmless agreement with Richland County acknowledging that the

---

of the plat to the buyer. The Court held, with no analysis, that the written documents satisfied the Statute of Frauds. Presumably, the seller's endorsement on the check attached to the offer was the signed writing that supported this conclusion. To the extent *Goodwin* may be read to hold otherwise, it is overruled.

county had no responsibility for maintaining the access road on the property. This document was signed by the parties in contemplation of dividing the property. It does not, however, include any description of individual tracts but refers only to the entire fifty-acre parcel.

The Statute of Frauds requires that the agreement to be enforced must contain a writing, signed by Sellers, with a description of the property to be conveyed. The documents Buyer points to do not satisfy this requirement. Accordingly, we affirm the denial of specific performance. In light of our disposition on this issue, we need not address Buyer's remaining issues.

## SELLERS' APPEAL

### Attorney's fees

■ Sellers contend they are entitled to attorney's fees as the prevailing party under the contract. The contract provides:

**19. DEFAULT** .... Upon default by the Seller, the Purchaser shall have the option of suing for damages or specific performance, or rescinding the Contract.... *In any action to enforce the provisions of this Contract,* the prevailing party and Broker(s) shall be entitled to the award of their costs, including reasonable attorney's fees.

(underscore added).

The master denied Sellers' request for attorney's fees under this provision based on his finding that the contract was unenforceable. The Court of Appeals affirmed, holding it was impossible for either party to default under the unenforceable contract and therefore attorney's fees were properly denied. We find this analysis incorrect because the contract is not void in its entirety.

First, paragraph 19 of the contract provides that if Sellers default, Buyer may bring an action to enforce the contract or may rescind it. Here, Buyer chose to bring an action to enforce the contract and it was her burden to prove a default. The attorney's fee provision, which applies "[i]n any action to enforce the provisions of this Contract," awards fees to the prevailing party. Sellers successfully proved there was no

default since the conveyance is unenforceable. Under the terms of the contract, Sellers are entitled to attorney's fees as the prevailing party.

The Statute of Frauds does not affect the validity of the attorney's fee provision but is simply a defense to the conveyance. *See Duckett v. Pool*, 33 S.C. 238, 11 S.E. 689, 690–91 (1890) (a contract violating the Statute of Frauds is "neither void nor voidable ... the validity of the contract is not affected but simply the right of action to enforce it."); *Hillhouse v. Jennings*, 60 S.C. 392, 38 S.E. 596 (1901). The Statute of Frauds is an affirmative defense. *See* Rule 8(c), SCRCP. As with any affirmative defense, the party successfully asserting it is a prevailing party and therefore entitled to attorney's fees where provided by contract. *Accord Dickinson, Inc. v. Balcor Income Props. Ltd.*, 12 Kan.App.2d 395, 745 P.2d 1120 (1988) (enforcing attorney's fee provision after finding other provision of agreement unenforceable under Statute of Frauds).

Sellers submitted proof of $43,483.28 in attorney's fees they incurred in defending Buyer's action. At the proceeding below, Buyer stipulated that this amount of attorney's fees claimed by Sellers under the contract is reasonable. Accordingly, we reverse the Court of Appeals and remand to the master for entry of judgment for attorney's fees in this amount.

In addition, Sellers contend they are entitled to attorney's fees from the bond posted under the terms of a temporary injunction dissolved by the master in his final order on the merits. The circuit court issued a temporary injunction prohibiting Sellers from conveying the property and charging them with maintaining it. As part of this order, the court required that Buyer maintain a bank account with the amount of the net sale proceeds ($325,335) as security during the pendency of the action. The order states that "such an arrangement will be adequate to protect [Sellers] for the payment of any costs or damages incurred by them as a result of the imposition of the Temporary Injunction." [6] Sellers

---

6. *See* Rule 65(c), SCRCP, (no temporary injunction shall issue except upon security by the applicant, in such sum as the court deems proper,

claim they are entitled to attorney's fees from this security bond as "costs or damages" caused by the temporary injunction. Further, they contend the master should have held Buyer in contempt for closing this account before the resolution of post-trial motions.

 Fees paid for defending an action to which the injunction is merely ancillary are not recoverable from the security bond. *Walker v. Oswald,* 181 S.C. 278, 186 S.E. 916, 919 (1936); *Livingston v. Exum,* 19 S.C. 223 (1883). In an action to determine the rights of parties in reference to land, as here, an injunction is considered ancillary. *Hill v. Thomas,* 19 S.C. 230 (1883). Attorney's fees for successfully ending the temporary injunction as part of this suit are therefore not recoverable under the injunction security bond. Since Sellers are not entitled to attorney's fees from this security bond, there is no harm from Buyer's closing of the account. Accordingly, we find the contempt issue moot. *See Sloan v. Friends of Hunley, Inc.,* 369 S.C. 20, 630 S.E.2d 474 (2006) (case is moot where a judgment rendered by the court will have no practical legal effect).

In conclusion, we affirm the denial of specific performance, reverse the denial of attorney's fees to Seller, and remand for entry of judgment in the stipulated amount of attorney's fees.

**AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.**

TOAL, C.J., WALLER, BURNETT and PLEICONES, JJ., concur.

---

for the payment of costs and damages incurred by any party wrongfully enjoined).