**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

No. 12-1966

———————

E. CARROLL ROGERS,

                Plaintiff - Appellant,

        v.

RIVER HILLS LIMITED PARTNERSHIP; RIVER HILLS GOLF & COUNTRY
CLUB OF NORTH MYRTLE BEACH, INC.,

                Defendants - Appellees.

———————

Appeal from the United States District Court for the District of
South Carolina, at Florence.   J. Michelle Childs, District
Judge.  (4:09-cv-01540-JMC)

———————

Submitted:  February 20, 2013        Decided:  March 13, 2013

———————

Before GREGORY, DUNCAN, and WYNN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Carmelo B. Sammataro, TURNER, PADGET, GRAHAM & LANEY PA,
Columbia, South Carolina, for Appellant.  William C. Wood, Jr.,
NELSON MULLINS RILEY & SCARBOROUGH LLP, Columbia, South
Carolina; Susan P. MacDonald, Lindsey E. Hendrick, NELSON
MULLINS RILEY & SCARBOROUGH LLP, Myrtle Beach, South Carolina,
for Appellees.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

E. Carroll Rogers appeals the district court's order granting summary judgment to River Hills Limited Partnership ("the Partnership") and River Hills Golf & Country Club of North Myrtle Beach, Incorporated ("the Corporation"), in his civil action for breach of easement agreement and tortious interference with contract. Finding no reversible error, we affirm.

We review a district court's grant of summary judgment de novo, drawing reasonable inferences in the light most favorable to the non-moving party. Dulaney v. Packaging Corp. of Am., 673 F.3d 323, 330 (4th Cir. 2012). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To withstand a motion for summary judgment, the non-moving party must produce competent evidence to reveal the existence of a genuine issue of material fact for trial. See Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 (4th Cir. 2002) ("Conclusory or speculative allegations do not suffice, nor does a mere scintilla of evidence in support of

2

[the non-moving party's] case." (internal quotation marks omitted)).

After review of the record and the parties' briefs, we conclude that the district court did not err in granting summary judgment to the Partnership and the Corporation. With respect to Rogers' claim for breach of easement agreement, we reject his appellate arguments challenging the district court's determination that the claim failed because the writing containing the purported easement agreement did not satisfy South Carolina's statute of frauds. S. C. Code Ann. § 32-3-10 (1991). The district court correctly determined that the writing did not sufficiently describe the portion or parcel of the servient estate to be affected by the easement. K & A Acquisition Grp., LLC v. Island Pointe, LLC, 682 S.E.2d 252, 262 (S.C. 2009); Fici v. Koon, 642 S.E.2d 602, 604-05 (S.C. 2007). We reject as meritless Rogers' argument that the writing's description was sufficient because the Partnership owned only one parcel of land at the time the writing was executed because this information is available only by reference to evidence extrinsic to the writing. We reject as both unsupported by the evidence and unexplained Rogers' argument that the writing contained a sufficient description of the location of the easement. We also reject as lacking in any principled explanation Rogers' challenge to the district court's

determination that the writing evinced an executory promise, not a present intent to convey an easement.

We further reject as meritless Rogers' appellate challenge to the district court's disposition of his claim for tortious interference. His challenge is largely unresponsive to the district court's determination that the claim failed because the Partnership and the Corporation acted in good faith by failing to acknowledge the existence of the easement, and he fails to point to evidence establishing that the Partnership and the Corporation lacked a justification for doing so. See Eldeco, Inc. v. Charleston Cnty. Sch. Dist., 642 S.E.2d 726, 731 (S.C. 2007) (listing the elements of a claim for tortious interference with contract). Finally, we reject as wholly without merit Rogers' remaining arguments — addressing alternative defenses not ruled upon by the district court — for overturning the court's judgment.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4