**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

MFM Properties, LLC and MFM Residential Properties, LLC, Respondents,

v.

Rotunda Land & Development Group, LLC, and Calloway Title & Escrow, LLC, Defendants,

of which Rotunda Land & Development Group, LLC is the Appellant.

Appellate Case No. 2022-001097

———————————

Appeal From Beaufort County
Robert J. Bonds, Circuit Court Judge

———————————

Unpublished Opinion No. 2025-UP-176
Submitted May 1, 2025 – Filed June 4, 2025

———————————

**AFFIRMED**

———————————

Terry A. Finger, of Finger, Melnick, Brooks & LaBruce, P.A., of Hilton Head Island, for Appellant.

Benjamin Edward Nicholson, V, of Burr & Forman LLP, of Columbia, for Respondents.

———————————

**PER CURIAM:**  Rotunda Land & Development Group, LLC (Rotunda) appeals the circuit court's order granting summary judgment in favor of MFM Properties, LLC and MFM Residential Properties, LLC (collectively, MFM), on MFM's causes of action for breach of contract, declaratory judgment, mandatory injunction, and specific performance.  On appeal, Rotunda argues the circuit court erred in (1) granting summary judgment because there was a genuine issue of material fact, (2) granting a judgment in excess of the initial earnest money deposit, and (3) awarding MFM attorney's fees and costs.  We affirm pursuant to Rule 220(b), SCACR.

Viewing the evidence in the light most favorable to Rotunda, we hold the circuit court did not err in granting summary judgment in favor of MFM.  *See Fleming v. Rose*, 350 S.C. 488, 493, 567 S.E.2d 857, 860 (2002) ("When reviewing the grant of summary judgment, the appellate court applies the same standard applied by the [circuit] court pursuant to Rule 56(c)[ of the South Carolina Rules of Civil Procedure]."); *Kitchen Planners, LLC v. Friedman*, 440 S.C. 456, 459, 892 S.E.2d 297, 299 (2023) ("[T]he moving party is entitled to summary judgment 'if the [evidence before the court] show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" (second and third alterations in original) (quoting Rule 56(c), SCRCP)); *Fleming*, 350 S.C. at 493-94, 567 S.E.2d at 860 ("When determining if any triable issues of fact exist, the evidence and all reasonable inferences must be viewed in the light most favorable to the non-moving party."); *Kitchen Planners*, 440 S.C. at 463, 892 S.E.2d at 301 ("[I]t is not sufficient for a party to create an inference that is not reasonable or an issue of fact that is not genuine." (quoting *Town of Hollywood v. Floyd*, 403 S.C. 466, 477, 744 S.E.2d 161, 166 (2013))).  Even if MFM and Rotunda had come to an extension agreement in late 2020 or early 2021 as Paul Lange asserted in his deposition, Rotunda presented no evidence of a written agreement.  In fact, in his deposition, Lange acknowledged MFM did not explicitly respond and agree to an extension of the deadline.  Thus, even if any agreement existed, at best, the evidence only supports that it was an oral agreement, which would nevertheless be barred by the statute of frauds because the agreement at issue here was for the sale of land.  *See* S.C. Code Ann. § 32-3-10(4) (2007) (requiring a contract for an interest in land be in writing and signed by the party against whom enforcement is sought); *Fici v. Koon*, 372 S.C. 341, 346, 642 S.E.2d 602, 604 (2007) ("To satisfy the Statute of Frauds, every essential element of the contract must be expressed in a writing signed by the party to be compelled."); *Honorage Nursing Home of Florence, S.C., Inc. v. Florence Convalescent Ctr., Inc.*, 367 S.C. 108, 114-15, 623 S.E.2d 853, 856 (Ct. App. 2005) ("The writing must reasonably identify the subject matter of the contract, sufficiently indicate a

contract has been made between the parties, and state with reasonable certainty the essential terms of the agreement."); *Windham v. Honeycutt*, 279 S.C. 109, 110, 302 S.E.2d 856, 856 (1983) ("Generally, a contract required to be in writing by the Statute of Frauds . . . cannot be orally modified."). Further, although Rotunda argued the circuit court's award of attorney's fees should be reversed if the circuit court's summary judgment ruling is reversed, because we affirm the circuit court's grant of summary judgment, we also affirm the court's award of attorney's fees.

We hold Rotunda's arguments that the circuit court erred in (1) granting judgment in excess of the initial earnest money deposit because it already paid the initial earnest money and (2) failing to consider the $45,000 inspection fee Rotunda paid when calculating damages are not preserved for review because Rotunda made these arguments for the first time on appeal and did not raise them to the circuit court. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [circuit court] to be preserved for appellate review.").

**AFFIRMED.**[1]

**KONDUROS, MCDONALD, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.