6617

## McMILLAN v. McMILLAN.

1. STATUTE OF FRAUDS.—SPECIFIC PERFORMANCE denied because: 1. The existence of a parol contract to convey is not established by evidence clear and convincing. 2. Assuming such contract to have been made, it is so indefinite in some of its material elements that the Court could not do justice between the parties in a decree for specific performance. 3. There was no change in possession and the acts relied on as a part performance of the contract to convey are not such under the proof as would take the case out of the statute of frauds.

2. ACCOUNTING.—COMPLAINT FOR SPECIFIC PERFORMANCE held to be broad enough to support judgment for money paid by plaintiff on purchase price of the land, but defendant permitted to set up statute of limitations and laches.

Before KLUGH, J., Chesterfield, January, 1907. Modified.

Action by M. E. McMillan in her own right, and as administratrix of John A. McMillan, Susan J. Miller, T. H. McMillan *et al.* against M. J. McMillan. From judgment for defendant, plaintiffs appeal.

*Mr. W. P. Pollock,* for appellant.

*Messrs. Stevenson* and *Matheson,* contra, cite: *As to the kind of possession necessary to take the case out of the statute of frauds:* McM. Eq., 318; 5 Rich. Eq., 181; 29 S. C., 559; 27 S. C., 348; 138 U. S., 587; 106 Ind., 282; 3 S. & R., A., 910; 22 Pa., 225; 1 Har. D. R., 421; 6 Mich., 364; 71 Minn., 1; 26 Pa., 375; 6 L. R. A. (N. S.), 813; 26 Mo., 63; 7 Ore., 322; 6 Watts, 464; 3 Pa., 24; 23 W. Va., 149; 66 Ill., 428; 84 Pac. R., 568; 1 Grant. Cas., 426; 86 Fed. R., 840.

August 6, 1907. The opinion of the Court was delivered by

Mr. Justice Woods. This action was brought against the defendant, Mrs. M. J. McMillan, by the plaintiffs, the widow and children of her deceased son, John A. McMillan, for specific performance of an alleged agreement to convey to John A. McMillan one-half interest in a tract of land containing 637 acres. On the testimony taken and reported by a referee, the Circuit Judge dismissed the complaint and the plaintiffs appeal.

This tract of land with two others, of 124 acres, and 10 acres, belonged to Thos. E. McMillan, the husband of defendant and father of John A. McMillan. Having been unsuccessful in a mercantile business investment, John A. McMillan in February, 1893, moved with his family to the home of his father. On his father's death, in November following, he became administrator of the estate and continued on the land with his mother until his own death, in October, 1901. The plaintiff, his widow and children, remained until 1904 and since leaving have rented out and received the income from part of the place.

In 1894, after the death of Thos. E. McMillan, the three tracts of land belonging to his estate, were sold under an order of the Court for the payment of his debts, and purchased by his widow, the defendant, for $1,100. To obtain the money to comply with her bid, she executed a mortgage to F. M. Welsh, for $755. John aided her in arranging for the purchase of the property and in the negotiation of the loan.

The complaint alleges a parol contract made between John A. McMillan and his mother, by which John was to have possession and use of the entire home place of 637 acres, support his mother, who was living with him, and pay off the mortgage; and upon payment of the debt, he was to receive from his mother a conveyance of one-half interest in the entire tract. The question is, was there a definite parol contract made out by the clear preponderance of the evidence with such partial performance as to take it out of the statute of frauds.

We do not think there was any inconsistency or variance in the evidence of the plaintiff's witnesses as to the subject matter of the alleged contract. The principal witness, Welsh, testified: "Mrs. M. J. McMillan told me in the presence of John A. McMillan, that when John A. McMillan paid up the mortgage debt she was going to convey to him one-half of the home tract." This did not necessarily mean one-half of the area of the tract, and is not inconsistent with the explanation by the witness on being recalled, that "Mrs. McMillan said when the mortgage was paid she would transfer him one-half interest in the land." Indeed, it seems clear that all the plaintiff's witnesses, who undertook to state the contract, though using different language, meant to testify to a contract to convey a one-half interest and not one-half in area.

Nor do we think the contract attributed to Mrs. McMillan was too indefinite as to the time within which the mortgage was to be paid. Time is not usually of the essence of such agreements. When no time for payment is mentioned it should be considered that either immediate payment or payment in a reasonable time, according to the circumstances of the case, is intended.

The failure to show an express stipulation as to the time of performance, especially, as to payment of money, standing alone, should not be allowed to defeat a parol agreement for the sale of land, which is sufficiently definite in other respects. *Thomas* v. *Dulles,* Rich. Eq., 387; *Prothro* v. *Smith,* 6 Rich. Eq., 332; 29 Am. & Eng. Enc., 37.

In this case the mortgage, which it is said John A. McMillan was to assume, was payable at a future day, and it is a fair inference that he was to pay it at maturity.

There is more difficulty on the question of definiteness with respect to the period for which Mrs. McMillan was to live with her son, and receive support from him. It was not fixed by any of the witnesses. When a widow contracts to convey land either in fee or for her life for the considera-

tion of her support, the obligation for support extends to the end of her life; but when she makes no deed and only contracts for her support, in consideration of the use of agricultural lands without fixing the period for which the arrangement is to continue, the Court cannot bind either party to any definite time, and either may terminate the arrangement at the end of any agricultural year. Here the agreement attributed to Mrs. McMillan contemplated the conveyance of a half interest in the land to John A. McMillan and his use of the whole, for which he was to pay the mortgage and support his mother. Nothing appears in the imputed contract as to how long the support was to continue. This was an important feature not severable from the other elements of the contract. It was not pretended that there was one contract that John A. McMillan should pay the mortgage and have one-half the land, and another that he should have the use of the whole land, or the remaining half, for the support of his mother.

The Court cannot, therefore, refer the support to the consideration of the use of the land exclusively and say it was to end at the will of either party. Nor can it refer the support exclusively to the alleged promise to convey, and hold it was to continue for the life of the mother.

In this essential feature the contract was altogether indefinite. Unless the material stipulations of a contract are made out with sufficient definiteness for the Court to do justice concerning them, it will not undertake to decree specific performance.

But assuming a sufficiently definite parol contract to have been made, there was no proof of such partial performance as would take the case out of the statute of frauds. John A. McMillan, it is true, at the time of his death, had paid all of the mortgage debt except about $200. This balance was paid by his mother after his death; and before the commencement of this action, the plaintiffs tendered to her the amount so paid, and interest. Payment of the purchase

money alone, however, cannot support an action for specific performance.

Possession was not changed. John A. McMillan after his father's death continued to live on the place managing the farm. This condition as to possession continued after the alleged contract of purchase. As a general rule, change of possession is necessary. *Hatcher* v. *Hatcher,* McM. Eq., 318; *Poag* v. *Sandifer,* 5 Rich. Eq., 181; *Charles* v. *Byrd,* 29 S. C., 559, 8 S. E., 1. If the possession be not changed, there must be some act of the purchaser showing with equal clearness an assertion of dominion over the land in his own right as purchaser; and of such act, the plaintiff must have notice. There was evidence of some building, ditching and perhaps other improvements made by John A. McMillan. But the nature and extent of the improvements taken in connection with the relation of the parties did not indicate an essertion of exclusive title by John A. McMillan. He was one of three children, with an expectation of inheritance of all his mother's lands. The rental income of the lands used by him was from $350 to $400, and the only charge for it was his mother's board, and that for only a portion of the time. The improvements were for the comfort of his familly, and for increasing the productiveness of the land, which he had the prospect of retaining for an indefinite period.

Improvements to such extent that a reasonable man would not incur the expense of making them, except in reliance on a contract of purchase, would add strength to a claim of part performance of a verbal contract of purchase, especially if made with the consent or knowledge of the legal owner. But John A. McMillan, as a reasonable man, might well have made these improvements expecting to receive the benefit of them without respect to any contract of purchase.

There is no proof that the improvements, and the support given to Mrs. McMillan were worth so much more than the use of the land, or that John A. McMillan had been induced by a verbal contract to so change his condition or prospects

that it would be a fraud upon him not to enforce the alleged contract.

Thus far the case has been considered solely on the version of the contractual relations between the defendant and her son, John, given by F. M. Welsh·and other witnesses on behalf of plaintiffs, and we think this evidence, leaving out of view the evidence for the defendant, does not make out a case for specific performance. When the evidence for the defendant is considered, the terms of the agreement between John and his mother become involved in the greatest doubt and uncertainty. Mrs. McMillan flatly denied the contract of sale and testified on the contrary that John was to pay the mortgage, and as compensation, to have the land for three years. And her evidence is not without corroboration in the statements which other witnesses say were made to them by John A. McMillan. The evidence, therefore, as to the nature of the contract under which John A. McMillan occupied the land and made payments on the mortgage is contradictory, and does not produce any clear conviction that Mrs. McMillan agreed to convey him one-half interest in the land. It was to just such cases as this that the statute of frauds was intended to apply.

To sum up, specific performance must be denied for these reasons: 1. The existence of a parol contract to convey is not established by evidence clear and convincing. 2. Assuming such a contract to have been made, it is so indefinite in some of its material elements that the Court could not do justice between the parties in a decree for specific performance. 3. There was no change of possession, and the acts relied on as a part performance of the contract to convey, contended for by the plaintiffs, are not inconsistent with the contract for a limited use of the land, testified to by the defendant.

Finally, the plaintiffs contend, if they have failed to make out a case for specific performance, the plaintiff, M. E. McMillan, as administratrix of the estate of John A. McMillan, is entitled to recover the money paid

by him on the purchase price of the land. We think the complaint is broad enough to cover such relief. But as the relief specially asked in the complaint was a decree for specific performance and not a judgment for the recovery of money, the defendant should be allowed, if so advised, to set up the pleas of Statute of Limitations and laches. In ascertaining what amount, if any, is due by the defendant for money paid by John A. McMillan for her benefit on the purchase price of the land, she should be allowed credit for the reasonable rental value of the land, less the value of John A. McMillan's contribution to her support, and less the increased value imparted to the land by any substantial betterments placed on the land by him while occupying it.

With this modification, the judgment of the Circuit Court is affirmed, and the case remanded to that Court for such further proceedings as may be necessary.