7462

## COLLETON REALTY CO. v. FOLK.

1. REAL PROPERTY—SPECIFIC PERFORMANCE—STATUTE OF FRAUDS.—A contract for sale of land may be proved by a letter of the party to be bound in which he recites the contract but repudiates it. But here the contract is held not to have been proven in full as one essential of it that each party should execute and deliver to the other his guaranty note is not shown to have been assented to in writing by the party to be bound. That he does not place his refusal to comply on this ground does not affect it, as the other cannot make out a contract in writing on all the essential points.

2. IBID.—IBID.—IBID.—Negoiating a loan by vendor to raise the money for vendee to pay the purchase price of a tract of land is not such part performance as takes a case of contract for sale of land out of the statute.

Before WATTS, J. Bamberg, Winter term, 1909. Affirmed.

Action by Colleton Realty Company against John F. Folk. From judgment on order of nonsuit, plaintiff appeals.

*Mr. B. W. Miley,* for·appellant, cites: *Several and separate writings may be construed together to make out a contract:* 48 S. C., 496; 33 S. C., 367; 29 S. C., 533. *Oral evidence is competent to describe or locate the thing in action:* 48 S. C., 506; 33 S. C., 367; 29 S. C., 533. *So the conference between the parties as to the loan:* 16 S. C., 357; 27 S. C., 377; 41 S. C., 162; 17 Cyc., 477.

*Mr. S. G. Mayfield,* contra, oral argument.

March 3, 1910. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The Colleton Realty Company brought this action against John F. Folk for damages for failure to comply with an alleged contract for the pur-

chase of land.    The Circuit Court made an order of nonsuit, holding that there was no evidence that the defendant had entered into a contract to purchase; and the appeal is from this order.

The evidence was mainly documentary.    The plaintiff had a valid option contract with H. Ehrhardt in writing, by which Ehrhardt agreed to accept for a tract of land, containing eight hundred and thirty-five acres, the sum of eleven thousand dollars if paid within ninety days from the 2d of April, 1908.    The option contemplated a sale by the Colleton Realty Company to some other person, and on such sale Ehrhardt agreed to allow the plaintiff a commission of five hundred dollars.

The defendant, on April 4th, 1908, wrote a letter to the plaintiff proposing to purchase the land for $11,500, on condition that the offer should be accepted by April 20th, 1908.    The plaintiff replied on April 8th, accepting the offer, requiring a deposit by Folk of five hundred dollars in some bank as a guaranty of good faith, and agreeing to make a good and sufficient title within sixty days on payment of the remainder of purchase money.    In response to this demand for a deposit, Folk wrote, acceding to the demand, on condition that the plaintiff would make a like deposit.    On April 10th the plaintiff wrote to Folk: "Confirming the conversation which our Mr. Herndon had with you over the phone this morning, we beg to enclose herein a note of Colleton Realty Company for $500, the same to be held by you as a guarantee that we will convey to you the H. Ehrhardt farm situate near Bamberg, about which we have been negotiating a trade with you, within sixty days after the date hereof.    This guaranty on our part is predicated upon your giving us your note for $500, showing good faith on your part * * * ."    A note for $500 with three endorsements thereon was inclosed with this letter.    On April 11th the defendant wrote in reply the following letter: "I find that it is impossible to close the trade

with you for the Ehrhardt farm and comply with the requirements of yours of April 10th, inclosing note, and I am herewith returning note to you. It is impossible for me to get together the necessary funds to make the payment by June 10th. A greater part of the funds which I have are loaned to planters, and it is impossible for me to collect them in by June 10. Unless this payment can be postponed to a later date it will be impossible for me to close the trade. Requesting a consideration of payment at a later date, I am, etc."

The defendant, it will be observed, makes no objection to the notes as a guaranty, but places his refusal to go further with the transaction entirely on the ground of his inability to make the payment. The letter to which he was replying had stated in effect that he had agreed orally that the guaranty named should be given in the form of notes, and his letter does not deny the statement. From this it is argued on behalf of the plaintiff that the Court should have held that there was evidence of a complete contract. The fact which is lacking to make the argument conclusive is that the correspondence does not show that the defendant ever agreed in writing to the plaintiff's proposition that notes for $500.00 should be given to guarantee the sale. He did not, it is true, refuse to make the purchase on that ground, but when the plaintiff failed to show that the defendant had accepted his offer, including all the material conditions imposed, he failed to establish a contract, and it is immaterial what the reason was which influenced the defendant not to contract. Silence often implies consent, but when a party rejects an offer of sale which contains a condition he has never assented to, he is not bound, though he says nothing about the condition, and declines to buy for other reasons. The defendant never having been bound, his reasons for refusing to contract are of no legal significance. *Raysor* v. *Berkeley County R. & L. Co.,* 26 S. C., 610, 2 S. E., 119.

But the correspondence shows that the negotiations were continued, the plaintiff undertaking to borrow $5,000.00 for the defendant to enable him to pay the purchase money of the land. An April 22d, 1908, the plaintiff wrote the defendant that he had succeeded in arranging for him to obtain $5,000.00 on a mortgage of certain real estate mentioned in the letter as that which the defendant had said he would include in the mortgage. In the letter, the plaintiff wrote further: "You might also prepare your note and send us along the lines which we had started to pursue about two weeks ago, as an evidence of good faith in this matter. Accompany your note with a full and clear statement of its purpose, stating that the matter is to be closed within sixty days from date. Upon receipt of this we will immediately forward our note to you for the same purpose, and accompanied by the same kind of a statement. This will virtually close the matter, and the party here can prepare to pay over his $5,000.00 by the time you get everything in shape, and then the whole matter can be closed up. Please send your communications direct to me, so that I can report to the party who is lending this money, and he can then begin his investigation of the title."

From this letter it is evident that the plaintiff was still requiring a note of the defendant as guaranty of good faith and offering a like note on its part. By a letter of April 29th defendant refused to buy the property and denied that he had made a contract to do so. On May 1st, plaintiff wrote defendant, insisting that a complete contract had been made and that he was bound thereby. The correspondence closes with a letter of defendant dated May 4th, in which he says:

"Yours of May 1st to hand, and the same is a surprise to me. I have a copy of the entire correspondence and remember very clearly the conversations had with you and with Mr. Herndon, and everything shows that an effort was being made to close the trade, and that the trade was never

closed.   I told you and Mr. Herndon at Edisto that if I could borrow $5,000.00, that I had $3,500.00, and that I believed that I could borrow $3,000.00 in Bamberg, and that if I could I would be in a position to close the matter up.   Mr. Herndon said that he would try and borrow the amount for me in Charleston and would let me hear from him.   I had very little faith in his ability to secure the loan and have until yet.   When I came home I had an opportunity of making a loan and did so, abandoning the idea of being able to close the trade for the plantation at this time and so wrote you."

A contract valid under the staute of frauds may be proved by a letter of the party to be charged in which he recites the contract and then repudiates it, as well as by a letter in which he affirms it.   *Louisville A. V. Co.* v. *Lorick & Lowrance,* 29 S. C., 533.   Here, this last letter of the defendant really recites an agreement of the parties on all points except one.   The important and fatal omission was as to the notes of $500.00 offered by the plaintiff and demanded by him of the defendant as a guaranty.   The plaintiff had all along insisted on this arrangement as a condition of the contract, and there is no evidence in writing that the defendant agreed to the condition.   That is, there is no written evidence of the meeting of minds in a completed contract.   The plaintiff, all the time insisting on the notes being given, would not be bound until the defendant complied with the demand, and the defendant could not be bound until he had agreed to comply.   *Campbell* v. *Chemical Co.,* 68 S. C., 440, 47 S. E., 716.

The position is taken, however, that the plaintiff should have been allowed to prove by parol that the defendant did agree to comply with the requirement that the notes should be given.   Such testimony would have had the effect of carrying the defendant into a contract for the purchase of land when the writing failed to show that he had entered into such a contract.   To admit such testimony would be to

disregard the statute of frauds, which requires that all the essentials of a contract for the sale of land shall be expressed in writing: *Hyde* v. *Cooper,* 13 Rich. Eq., 250; *Boozer* v. *Teague,* 27 S. C., 348, 3 S. E., 551; *Peay* v. *Seigler,* 48 S. C., 496, 26 S. E., 885.

Finally the plaintiff contends that the defendant is bound by reason of part performance in that the plaintiff at the instance of the defendant went to the pains and expense of negotiating a loan for the defendant to enable him to make the purchase. The rule is that the actual payment of the purchase money by the vendee under a parol agreement is not sufficient to take the case out of the statute: *Mims* v. *Chandler,* 21 S. C., 480. The reason is stronger for holding that merely arranging to procure the purchase money for the vendee—a purely collateral matter—would not take the case out of the statute. But, aside from this, the plaintiff's letter announcing that the money could be procured on a mortgage, indicated that the transaction could go forward only on condition that the guaranty notes should be given and taken. This, as we have seen, was a condition to which the defendant never assented in writing, and therefore, the plaintiff could not require that he should accept that condition, execute the mortgage, take the money and complete the sale.

The case is one of difficulty, but on review of the whole evidence we think the conclusion of the Circuit Judge was correct.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.