## 10845

### JACKSON v. FRIER

### (110 S. E. 676)

1. FRAUDS, STATUTE OF—PURCHASER'S LETTER NOT DESIGNATING LAND TO BE CONVEYED HELD . NOT SUFFICIENT.—Purchaser's letter to buyer, referring to his parol contract to purchase land, not describing the land conveyed, *held* not sufficient to take the contract out of the statute; it being necessary to resort to parol evidence to ascertain the land to be conveyed.

2. FRAUDS, STATUTE OF—PURCHASER COULD NOT RECOVER PAYMENT UNDER PAROL CONTRACT FOR NONCOMPLIANCE WITH STATUTE WHERE VENDOR WAS WILLING TO PERFORM.—If purchaser gave vendor his automobile as part payment on parol contract to purchase land which vendor was ready and willing to perform, the purchaser could not recover the automobile on the ground that the parol contract did not comply with the statute.

3. BAILMENT—WHETHER PLAINTIFF LOANED DEFENDANT AUTOMOBILE, OR TRANSFERRED IT AS PART PAYMENT FOR LAND, HELD FOR JURY.— In action for possession of automobile, the question of whether plaintiff merely loaned defendant the automobile, or transferred it to him as part payment for land, *held* for the jury.

Before MAULDIN, J., Aiken, March, 1921. Reversed.

Action by D. A. Jackson against W. F. Frier. From directed verdict for plaintiff the defendant appeals.

The plaintiff testified that he did not deliver the automobile to defendant as part payment on land as claimed by defendant; that he had not agreed to buy the land, but that he merely permitted the defendant to use the automobile, with the understanding that, if it suited him, and the plaintiff agreed to buy the land, the defendant was to allow plaintiff specified amount on the land in return for the automobile. His testimony was corroborated by his son and by a third witness, but was denied by defendant, who testified that plaintiff had agreed to buy the land, and that he had allowed plaintiff a certain amount on the purchase price for the automobile. The defendant's testimony was corroborated by that of other witnesses.

*Mr. John F. Williams,* for appellant, cites: *Statute of Frauds must be pleaded*: 79 S. C., 134. *Where there has been part payment on verbal contract to purchase land, vendee cannot recover such payment where vendor is willing to convey*: 1 Ann Cas., 1914D, 469 and note; 105 Am. St. Rep., 793; 3 S. C., 306.

*Messrs. Hendersons* and *W. M. Smoak,* for respondent, cite: *Contract void*: 1 Civ. Code 1912, Sec. 3736. *Deposit recoverable*: 6 R. C. L., Sec. 221; 12 Wall., 355; 103 U. S., 57; 171 U. S., 150.

February 27, 1922.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an action in claim and delivery. The plaintiff brought his action against the defendant for an automobile. The defendant claimed that he agreed to sell the plaintiff a tract of land, and that the plaintiff turned over to him the automobile in question in part payment for the land. It was admitted that the contract was by parol. The plaintiff denied that he had made the contract, and that he had only loaned the automobile to the defendant. The trial Judge directed a verdict for the plaintiff on the question of ownership, and the defendant appealed.

On the trial of the cause the defendant introduced this letter:

"Aiken, S. C., November 10, 1919.

"Mr. W. F. Frier, Eureka, S. C.—Dear Sir: A short time since I entered into an understanding with you to purchase a tract of land from you for $12,000. The understanding was entirely verbal and there was no writing about it.

"I left with you my automobile worth at least $1,000 on the understanding. I am advised that the verbal understanding with you is illegal and prohibited by law and

I hereby notify you that I disaffirm and rescind the understanding which I had with you to purchase the land, as I do not wish it, especially as the contract was not in writing and is prohibited by law, and I hereby demand of you the return of my automobile, or the payment of the $1,000 value thereof, and that it be done immediately. If you do not return my automobile, or pay the value thereof, you will force me to bring action against you.

"Please let me know in the next day or so what you are going to do.

his

"Yours very truly, Daniel A.   X   Jackson.

mark

"Witness:

"Grover Jackson.

"Darling Jackson."

I. The defendant claims that the letter was a sufficient acknowledgment of the contract to comply with the Statute of Frauds. The first assignment of error is that his Honor erred in not so holding. This assignment of error cannot be sustained. In order to determine what land was to be conveyed, the defendant must resort to parol evidence, and this cannot be done under *Hyde v. Cooper,* 13 Rich. Eq., 250.

II. The next question is, If the contract is within the Statute of Frauds, then can the plaintiff recover the automobile if it was given as a first payment on the purchase price of the land? We have been referred to no case in this State directly in point, and we know of none. In 25 Ruling Case Law, pp. 725, 726, we find:

"*General Rule.*—In the case of an oral contract for the sale of land, if the vendee has made part payments, and the vendor refuses to complete the contract, seeking shelter under the statute, it is universally recognized that the vendee may recover back the amount of such payment; and this

is true where money is paid in consideration of an oral promise to devise land and the promisor dies without fulfilling his promise. It is also held immaterial that there may have been such part performance by the vendee as would entitle him to relief in equity by way of specific performance. If a contract for the sale of land is signed by the vendor and delivered to and accepted by the vendee, though not signed by the latter, the contract is binding on the vendor and is therefore a sufficient consideration for payments made by the vendee, and he cannot, on the ground that the contract was not signed by him, recover the payments so made if the vendor is able and willing to perform. And in the English cases, and in the great majority of the cases in this country, the broad rule is adopted that money paid on an oral purchase of land can in no case be recovered by the vendee if the vendor is ready and willing to convey. This is held true as to payments made to a third person for the benefit of the vendor, to be paid over to him upon his making the conveyance. And a Court of equity in such a case will not decree a rescission of the contract, and permit the vendee to recover payments made, if there has been no default on the part of the vendor and he is able and willing to convey."

In this case the vendor is ready and willing to convey.

There was a conflict of testimony in regard to the matter. The plaintiff claims it was a loan, and the defendant claims it was a payment. If the jury believed the plaintiff, he was entitled to recover. If they believed the defendant, he was not. That question was a question for the jury, and his Honor erred in directing a verdict.

The judgment appealed from is reversed.

Mr. Chief Justice Gary concurs.

Mr. Justice Cothran: I concur upon the ground that, as under Section 3737, 1 Code of Laws, A. D. 1912, a parol contract for the sale of land is neither

illegal nor void, but is non-enforceable by action, the majority rule, as declared in L. R. A., 1916D, 472, note, in conformity with this opinion, should obtain in this State.