11704

McLELLAN v. McLELLAN

(126 S. E., 749)

FRAUDS, STATUTE OF—EMPLOYEE COULD RECOVER FOR SERVICES PERFORMED, THOUGH CONTRACT WHEN ORIGINALLY MADE WAS WITHIN STATUTE. —Employee having performed services under oral contract could recover therefor regardless of whether contract when originally made was within statute.

Before. J. R. COGGESHALL, SPECIAL JUDGE, Dillon, October, 1923. Reversed and remanded.

Action by Albert McLellan against A. K. McLellan. From an order of nonsuit plaintiff appeals.

*Mr. W. C. Moore,* for appellant, cites: *Contract not within Statute of Frauds:* 34 S. C. L., 199; 16 S. C., Eq., 92; 26 S. C., 80; 110 S. C., 534; 25 R. C. L., 478; 26 S. C., 80.

*Messrs. Gibson & Muller,* for respondent, cite: *Contract within Statute of Frauds:* 3 Code, 1922, Sec., 5516; 110 S. C., 553; 3 S. C., 305.

February 28, 1925.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The plaintiff, Albert McLellan, was a rural letter carrier, working for the federal government. When he was not engaged in his work for the government, he worked for his uncle, the defendant, for his board and lodging. The respondent asked the appellant to give up his government work and give him his entire time. The record shows that the respondent said to his nephew, "I want you to give up the mail route, and I will give you the same thing you are getting on the mail route." The appellant replied, "The mail route is permanent." The respondent said, "I will give you a job just as permanent as the mail route as long as we can get along."

The appellant gave up his mail route, and worked for the respondent 38½ months. When the contract was terminated it left the· respondent due to the appellant $1,306.25. The respondent refused to pay, and the appellant brought this action.

The respondent moved for a nonsuit on the ground that the contract was void under the statute of frauds. The nonsuit was granted, because it was within the statute, and the plaintiff appealed. In *Walker v. Railroad Co.,* 26 S. C., 90; 1 S. E., 373, we find:

"Testing the contract in this case by the rule as established by the foregoing cases, we think it clear that it does not come within the provisions of the statute. There was not only no specified time fixed for the performance of the contract, but it manifestly rested wholly on a contingency. The railroad company had authority to terminate it whenever it pleased by simply notifying the plaintiff to stop delivering the material. It depended wholly upon the will of the company whether the contract should terminate at the end of a month or two months or at the end of a year. Such a contract surely cannot be regarded as an agreement not to be performed within a year from the making thereof.

"But even if the contract, when originally made, was obnoxious to the statute, yet, after it had been fully performed by the plaintiff, the defendant could not then avail itself of the statute. *Bates v. Moore,* 2 Bail., 614. *Gee v. Hicks,* Rich. Eq. Cas., 17. *Carter v. Brown,* 3 S. C., 298. If, as we must conclude after the verdict of the jury, the plaintiff continued to furnish material to the railroad company under the original agreement, which was afterwards recognized and continued by the road masters of the defendant company, without any notice to stop, then the plaintiff, having fully perfomed his part of the contract, is entitled to recover, under the authority of the cases last cited, even if the contract, when originally made, could be regarded as within the statute."

The sum sued for is for labor actually performed.

The judgment is reversed, and the case remanded for a new trial.

Mr. Justice Watts and Mr. Acting Associate Justice W. C. Cothran concur.

Mr. Justice Marion concurs in the result.

Mr. Chief Justice Gary and Mr. Justice T. P. Cothran did not participate.