13148

HOLLY HILL LUMBER CO. v. FEDERAL LAND ·BANK OF COLUMBIA

(158 S. E., 830)

432

September, 1929.

*Messrs. Harry D. Reed, D. W. Robinson* and *D. W. Robinson, Jr.,* for appellants,

*Messrs. Hinds & Meadors* and *A. F. Spigner,* for respondent,

May 22, 1931.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE W. H. TOWNSEND.

This is an appeal from a judgment on verdict in favor of plaintiff for damages growing out of an alleged breach of contract for sale and conveyance of land and timber.

The cardinal issue is: Was there a contract? The evidence on that question is contained in letters between the negotiators, the plaintiff and defendant. Plaintiff's exhibits Nos. 1 to 12, inclusive.

The trial Judge held there was a contract, and refused to direct a verdict for defendant. To this ruling, defendant excepts.

The exhibits referred to show: (1) An inquiry made of defendant's agent by plaintiff; (2) an offer by the agent to sell for $4,000.00 subject to immediate acceptance; (3) a proposed contract on terms therein stated, signed by said agent and by plaintiff—for sale and conveyance in fee, free of incumbrance, subject to the approval in writing by the defendant, and of the approval of the title to the land by the defendant's legal department (see *Savannah Guano Co. v. Fogle*, 112 S. C., 235, 100 S. E., 59); (8) check for $1,-500.00 sent along with the proposed contract, Exhibit 3, by plaintiff to defendant; (4) disapproval by defendant of terms in proposed contract, Exhibit 3; the retention of the check by defendant as stakeholder pending further negotiations (*British-American Portland Cement Co. v. Citizens' Gas Co.*, 235 Mo., 1, 164 S. W., 468, Ann. Cas., 1915-C, 151), and a counter offer by defendant to sell for all cash;

(5) A counter proposal by plaintiff to remit $1,000.00 additional cash and to buy for $2,500.00 cash, and $2,500.00 in sixty days, and contemplating the execution of a new draft of contract; (6) defendant agrees to these terms suggested by plaintiff, and states it applies the $1,500.00 in hand (Exhibit 8) along with the $1,000.00 additional which was to be forthwith forwarded to defendant along with the newly executed proposed contract for purchase as making up the $2,500.00 cash payment; (7) plaintiff neither remits the $1,000.00 additional nor sends the proposed draft of contract, though he says it will be satisfactory to him to do so, and later, in June, pay the remaining $2,500.00 and receive good and sufficient warranty deed; and then raises an objection to a defect in, or cloud upon the title to the land, which plaintiff requires to be removed, or insured against, before making further payment on the contract; (8) on April 30th, the $1,500.00 check was indorsed and cashed by defendant; and (12) on May 8, 1929, plaintiff asks defendant to clear up title and to give a good and sufficient deed "as per our contract."

The plaintiff admits it has neither paid, nor tendered, the $1,000.00 called for in defendant's proposal of April 23d, Exhibit 6.

In order to make an enforceable contract, there must be a substantial compliance with the terms of the offer. *Clanton v. Young,* 11 Rich., 546; *Campbell v. Virginia-Carolina Chemical Co.,* 68 S. C., 440, 47 S. E., 716; *Colleton Realty Co. v. Folk,* 85 S. C., 84, 88, 67 S. E., 156.

"An offer to sell for cash can never be accepted so as to create a legal obligation on the part of the owner to sell, unless the acceptance is accompanied by a tender of the price. Until this is done the owner may withdraw his offer without rendering himself liable for a breach of contract." *Maynard v. Tabor,* 53 Me., 513.

"On an offer to sell land for a certain price within a specified time, an agreement to take it is not alone an acceptance, but the money must have been paid within the time stated." *Davis v. Brigham,* 56 Or., 41, 107 P., 961, Ann. Cas., 1912-B, 1340.

The correspondence here, as in *Holliday v. Pegram,* 89 S. C., 73, 79, 71 S. E., 367, Ann. Cas., 1913-A, 33 Id., 94 S. C., 292, 77 S. E., 1014, shows that the parties contemplated entering into a contract with each other, but the correspondence failed to make out a contract in writing in all the essential points. *Colleton Realty Co. v. Folk,* 85 S. C., 84, 67 S. E., 156. The plaintiff never complied with the terms of sale proposed and insisted on by the defendant; because of its objection to the title to the land, which, under the proposed contract in Exhibit 3, was to have been, but never was, approved by the defendant's legal department, before the contract should become effective. Plaintiff's objection to defendant's title prevented the meeting of the minds in a written agreement for the sale and conveyance of the land, and there was no further tender of performance. The $1,605.92 theretofore remitted by plaintiff was tendered back to him by defendant, and, on plaintiff's refusal to accept, was paid into the Circuit Court for plaintiff, on December 5, 1929, and should be paid over to plaintiff by the clerk of that Court.

It is unnecessary to consider the other exceptions.

It is therefore adjudged that the order of the Circuit Judge refusing the motion to direct a verdict for defendant be reversed, and the case remanded to the Circuit Court for the purpose of entering judgment in favor of the defendant under Rule 27.

MR. CHIEF JUSTICE BLEASE, and MESSRS. JUSTICES COTHRAN and CARTER concur.

MR. JUSTICE STABLER concurs in result.