19941

Lorraine P. BARR, Appellant, v. David LYLE, Nancy J. Lyle, Judy Ann Barnette, William Richard Barnette, Rita Louise Barnette, Mary E. Barnette, Barbara Lou Barnette, a minor over the age of fourteen (14) years, and Orin Franklin Barnette, Defendants of whom David Lyle and Nancy J. Lyle, Respondents.

(211 S. E. (2d) 232)

*Messrs. Gregory & Gregory,* of Lancaster, *for Appellant,*

· *Messrs. Spencer & Spencer,* of Rock Hill, *for Respondents,*

January 13, 1975.

LEWIS, Justice:

This is an action for specific performance of an alleged contract to purchase a one-fourth interest in certain real estate in York County, South Carolina. Appeal is from an order of the circuit court granting defendants' motion, under Circuit Court Rule 44, for summary judgment on the ground that the pleadings, depositions, and exhibits conclusively showed that there was no legally sufficient contract for the sale of the land.

The plaintiff, with William Richard Barnette and Orin Franklin Barnette, owned the tract of land involved, the plaintiff an undivided one-half interest and the Barnettes each owning a one-fourth interest. William Richard Barnette died and his heirs, residing in New York, were represented by the defendant David Lyle, an attorney of York County, South Carolina, in efforts to sell the undivided one-fourth interest of the deceased in the property. Plaintiff's attempt to purchase this one-fourth interest resulted in this litigation. Plaintiff contends that she entered into a binding contract with defendant Lyle for the purchase of the one-fourth interest in question. The authority of Lyle to bind his clients is not an issue.

The parties agree that the applicable legal principles required that the contract in question be in writing or that there be some memorandum thereof sufficient to satisfy the statute of frauds, Section 11-101 of the 1962 Code of Laws.

While other questions are argued, disposition of the appeal turns upon whether there was a genuine factual issue as to the existence of an agreement to sell the land, evidenced by a written memorandum thereof sufficient to satisfy the statute of frauds. We agree with the lower court that the evidence conclusively showed that there was no binding agreement entered into for the purchase and sale of the property in question; and summary judgment was therefore properly granted.

It is agreed that, if there was a legally sufficient agreement to sell the interest in the property, it was contained in a letter from defendant David Lyle, attorney for the sellers, to plaintiff, dated April 19, 1972, and a letter from plaintiff to Lyle dated April 20, 1972, the first allegedly containing an offer and the second an acceptance.

Mr. Lyle had obtained an option to purchase the interest of his clients in the property so that upon finding a purchaser the sale would be expedited, since his clients lived in New York. It developed that the wife of Mr. Lyle desired to purchase a small portion of the property. The letter of April 19th (from Lyle to plaintiff) contained a reference to an agreement that the wife of Mr. Lyle would purchase a small portion of the property; a reference to attorney's fees, from which it was inferable that, if plaintiff purchased all of the property, she would have to pay attorney's fees in addition to the price of $25,000.00; a reference to plaintiff's previous difficulty in raising the purchase money; and an acknowledgment that she had advised him on the previous day that she was "ready and able to buy" at the price of $25,000.00. The concluding paragraph of this letter was as follows:

"You now advise that you have the money available, but may not want to sell that portion previously agreed upon. I would like to hear from you further in regard to this."

The foregoing letter was received by plaintiff and she wrote the letter of April 20th to Mr. Lyle, which, it is con-

tended, constituted an acceptance of the offer for the sale of the property. This letter stated that she was prepared to purchase the property for the sum of $25,000.00 and asked that she be informed when the transaction could be closed.

Under the statute of frauds, the form of the writing is not material, and may be shown entirely by written correspondence, *Speed v. Speed,* 213 S. C. 401, 49 S. E. (2d) 588; provided, all of the essential terms of the contract can be gathered from the corerspondence or some other writing to which it refers, without resort to parol testimony, *Kennedy v. Gramling,* 33 S. C. 367, 11 S. E. 1081; *Walker v. Preacher,* 188 S. C. 431, 199 S. E. 675.

An examination of the letter of April 19th, written by defendant Lyle, shows that his wife desired to purchase a portion of the property; and that the consideration, if plaintiff bought all of it, would include the payment of attorney's fees in addition to the sum of $25,-000.00, but plaintiff would not have to pay attorney's fees if part was purchased by defendant's wife. The letter of April 20th, written by plaintiff and relied upon to show an acceptance, showed an agreement on her part to purchase the entire property for $25,000.00. Nothing was mentioned in that letter about the purchase of part of the property by defendant's wife, nor about the payment of attorney's fees, both matters forming conditions in the letter of Lyle to plaintiff on the 19th. It is undisputed that plaintiff's alleged acceptance of the 20th contemplated a conveyance to her of the entire one-fourth interest in question for a total consideration of $25,000.00. This was not the offer contained in the letter of Lyle to her.

The letters relied upon show that the minds of the parties never met on very material elements of the contract, that is, the amount of the property to be sold and the purchase price.

Since the letters relied upon show that the minds of the parties never met on the essential elements of the alleged

agreement they failed to show a valid enforceable contract for the sale of the land.

Judgment affirmed.

Moss, C. J., and BUSSEY, LITTLEJOHN and NESS, JJ., concur.