## 20113

Morris CASH and Betty Cash, Respondents, v. John T. MADDOX and Sue H. Maddox, Appellants.

(220 S. E. (2d) 121)

*Felix L. Finley, Jr., Esq.,* of Pickens, *for Appellants,* cites :

*Messrs. Acker & Acker* and *John D. Bickery, Jr.,* of Pickens, and *Love, Thornton, Arnold & Thomason,* of Greenville, *for Respondents,* cite: 

November 20, 1975.

NESS, Justice:

John and Sue Maddox allegedly contracted to sell Morris and Betty Cash 15 acres of land. The trial court held there was a binding contract and ordered specific performance. The Maddoxes, appellants, contend the memorandum of the alleged contract of sale is too vague and indefinite to satisfy the Statute of Frauds. We agree and reverse the lower court.

Appellants and respondents are husband and wife respectively. The Cashes lived in Florida. They telephoned the Maddoxes who lived in Georgia, and discussed the purchase of 15 acres of land owned by the Maddoxes. The only written evidence of the contract is a check mailed by the Cashes for Two Hundred ($200.00) Dollars as part payment. Written on the check was "15 acres in Pickens, S. C., land binder, 30 days from date of check to June 3, 1970." John Maddox endorsed and cashed the check. Subsequently, the Maddoxes advised the Cashes they did not wish to sell as it would cause trouble in the family and returned the Two Hundred ($200.00) Dollars which the Cashes refused. There was testimony the Maddoxes owned a 76 acre tract of land in Pickens County, of which 15.6 acres was south of the Pickens-Greenville highway, outside of the city limits of the town of Pickens.

484

The Statute of Frauds does not require any particular form of writing. It may be satisfied entirely by a written correspondence. *Speed v. Speed,* 213 S. C. 401, 49 S. E. (2d) 588 (1948). However, the writings must establish the essential terms of the contract without resort to parol evidence. *Barr v. Lyle,* 263 S. C. 426, 211 S. E. (2d) 232 (1975). One of the essential terms of a contract of sale of land is the identification of the land. A decree for specific performance operates as a deed. *Haygood v. Duncan,* 204 Ga. 540, 50 S. E. (2d) 214 (Ga. 1948). Hence, the land must be described so as to indicate with reasonable certainty what is to be conveyed. *McMillan v. McMillan,* 77 S. C. 511, 58 S. E. 431 (1907). Parol evidence cannot be relied upon to supplement a vague and uncertain description. *Jackson v. Frier,* 118 S. C. 449, 451, 110 S. E. 676 (1922) ; *Barr v. Lyle,* supra.

The burden of proof was upon the respondents to establish the contract " 'by competent and satisfactory proof, such as is clear, definite, and certain.' * * * (T)he degree of certainty required is reasonable certainty, having regard to the subject-matter of the contract.' " *Aust v. Beard,* 230 S. C. 515, 521, 96 S. E. (2d) 558, 561 (1957).

For a contract to meet the requirements of the Statute of Frauds, S. C. Code § 11-101, every essential element of the sale must be expressed therein.

The alleged contract gives no definite location or shape of the 15 acres. The writing does not indicate whether the subject matter of the contract was north or south of the road, or in another area of the county. The fact 15.6 acres of the entire tract may be south of the road is not legally sufficient to satisfy the Statute of Frauds. Parol evidence may be used to explain terms appearing in the description, but the description itself must clearly identify the particular parcel of land.

In the absence of equities removing the case from the operation of the Statute of Frauds, which do not here exist, we hold before a court will decree specific performance of a contract for a sale of land, the writing must contain the essential terms of the contract. They must be expressed with such definiteness, certainty and clarity that it may be understood without recourse to parol evidence to show the intention of the parties. The terms of the contract must be such that neither party can reasonably misunderstand them. It would be inequitable to carry a contract into effect where the court is left to ascertain the intention of the parties by mere guess and conjecture.

The respondents' reliance upon *Speed v. Speed, supra,* is misplaced. The case specifically states, "the writings relied upon must *in and of themselves* furnish the evidence that the minds of the parties met as to the particular property which the one proposed to sell and the other agreed to buy; and, when such evidence is not found in the writings, it cannot be supplied by parol * * *." (Emphasis added). Page 410, 49 S. E. (2d) p. 592.

There was not a contract between these parties as would satisfy the Statute of Frauds. The land proposed to be sold was not described or designated as would enable a court to render a decree for its conveyance. The words in the check afford no means to adequately identify the property.

The parties should be restored to their original status.

Reversed.

LITTLEJOHN, RHODES and GREGORY, JJ., concur.

LEWIS, C. J., dissents.

LEWIS, Chief Justice (dissenting):

This is an appeal from an order of the lower court directing specific performance of an agreement to sell real estate and awarding damages and counsel fees. There was no written contract to sell and the basic issue concerns the

sufficiency of a notation on a check for the down payment to constitute a memorandum of the agreement, as required by the Statute of Frauds (Section 11-101, 1962 Code of Laws) which provides:

"No action shall be brought whereby:

"(4) To charge any person upon any contract or sale of lands, . . .; .

"Unless the agreement upon which such action shall be brought or some memorandum or note thereof shall be in writing and signed by the party to be charged therewith or some person thereunto by him lawfully authorized."

Appellants, husband and wife, own lands in Pickens County, South Carolina. Respondents, who are husband and wife, apparently desired to purchase a fifteen (15) acre tract from appellants and negotiations were entered into for such purchase. While some question is raised thereabout, the record clearly shows that both of the appellants engaged in the negotiations and were acting for each other throughout the transaction.

The testimony shows that respondents heard through a relative that the land in question was for sale. At the time of the first contact between the parties, respondents were residing in Florida and appellants in Georgia. Respondent Morris Cash was familiar with the land and as a result of a telephone conversation with appellant Sue H. Maddox the sale and purchase of the 15 acres in question was agreed upon at the price of $3,500.00, with a down payment or binder required of $200.00. A check in the amount of $200.00 was delivered to appellants and cashed. When endorsed by appellants, the check had written across one end the following: "15 acres in Pickens, S. C. land binder, 30 days from date of ck to June 3, 1970." (Admittedly, the year was inadvertently written 1970 instead of 1971).

The testimony shows that the 15 acre tract of land consisted of all of the land owned by appellants on the south or

righthand side of S. C. Highway 183, proceeding from Pickens to Greenville and that all parties knew and understood the identity of the land in question.

Shortly after the down payment was made, respondents advised appellants of the name of their attorney in Pickens who would handle the matter for them. Appellants then notified respondents' attorney that the plat of the 15 acre tract would be sent to him and that they would be in Pickens to close the matter on May 28, 1971. A few days later appellants notified respondents that they did not care to sell because it would cause trouble in their family. An offer to return the down payment of $200.00 was refused.

Upon tender of the balance of the purchase price, appellants refused to convey the land. This action was subsequently instituted to require compliance with the agreement to sell. Admittedly, the only memorandum of the sale was the foregoing notation written upon the check accepted by appellants as the down payment. Appellants' basic defense was that the check did not constitute a sufficient memorandum of the sale to satisfy the Statute of Frauds (Section 11-101, *supra*).

The pleadings in this case are unverified. Neither of the appellants testified. The testimony of respondents as to the transaction is therefore uncontradicted. There is no testimony by appellants that the consideration was inadequate, nor is there any contention that they were in any manner the victims of a fraud. They simply contend, in effect, that they should be relieved of their part of the bargain because there was no sufficient memorandum of the agreement to sell.

In discussing the memorandum required by the Statute of Frauds, we stated in *Blocker v. Hundertmark,* 204 S. C. 269, 28 S. E. (2d) 855:

"The statute of frauds merely requires some memorandum or note of the agreement relating to real estate to be in writing and signed by the party charged therewith or his agent,

and does not require a formally executed contract. There must be written evidence of the contract, if there is no written contract, and our court has gone so far as to hold that a letter which recites the contract, but repudiates it, is sufficient. *Colleton Realty Co. v. Folk,* 85 S. C. 84, 67 S. E. 156. As stated in 37 C. J. S., Frauds, Statute of, § 174; 'The note or memorandum is not the contract, but only the written evidence of it required by statute.' "

· The check and notation thereon leaves no doubt that there was an agreement between the parties for the sale of a 15 acre tract of land, that the check was the *binder* or down payment, and that the transaction was to be closed on or before June 3, 1971.

Appellants contend however that the memorandum fails to meet the requirements of the Statute of Frauds because there is no sufficient description of the land sold by which it can be identified, nor is the consideration stated, relyng upon the principles stated in several of our cases that the memorandum, relied upon, must establish the essential terms of the contract, including the identity of the land and the consideration to be paid, without resort to parol evidence. *Speed v. Speed,* 213 S. C. 401, 49 S. E. (2d) 588.

The foregoing is not an absolute rule. Certainly it should not be applied when no reason exists to do so.

The purpose of the statute is to protect against fraud. In this case, the fact that there was an agreement for the sale of a tract of "15 acres in Pickens, S. C." is evidenced by the written memorandum.

The question of whether parol evidence would be admissible to establish the identity of the particular tract of land referred to in the memorandum and to establish the consideration, where there is a dispute as to these issues, is not before the Court. Testimony was admissible to etablish that there was no disagreement as to the identity of the land or the consideration to be paid and that the minds of the parties had met on these issues. If there was a dispute or ground for

doubt as to what land was intended and what was to be paid therefor, the rules advanced by appellants should be applied and the parol testimony held inadmissible. That is not the case here.

Since the fact of the agreement for the sale of the land is evidenced by the written memorandum and the testimony shows that the terms of the agreement are not in dispute, there is no reason or basis for the application of the Statute of Frauds. As stated in *Beckwith v. Talbot,* 95 U. S. 289, 24 L. Ed. 496, 498 (quoted with approval in *Speed v. Speed, supra*), in discussing the admissibility of parol evidence to supply a deficiency in the agreement:

"There may be cases in which it would be a violation of reason and common sense to ignore a reference which derives its significance from such proof. If there is ground for any doubt in the matter, the general rule should be enforced. But where there is no ground for doubt, its enforcement would aid, instead of discouraging, fraud."

The lower court properly held that a binding agreement for the sale of the land in question had been established entitling respondents to specific performance.

Although respondents are entitled to specific performance, they are not entitled, under the particular facts of this case, to recover damages. It is conceded that no basis exists for the award by the lower court for attorneys' fees.

For the foregoing reasons, I respectfully dissent. I would affirm the judgment for specific performance and reverse the award for damages and counsel fees.