**Neville P. LEWIS, Plaintiff,**

v.

**FINETEX, INC., Defendant.**

Civ. A. No. 76–267.

United States District Court,
D. South Carolina,
Greenville Division.

March 8, 1977.

Robert M. Ariail, Greenville, S. C., for plaintiff.

Carl G. Ferguson, Leatherwood, Walker, Todd & Mann, Greenville, S. C., for defendant.

## ORDER

CHAPMAN, District Judge.

This is an action to recover for the alleged breach of an employment contract. It is now before the Court on defendant's motion for summary judgment on the grounds that plaintiff seeks recovery for the alleged breach of an oral employment contract where the defendant purportedly agreed to hire the plaintiff for a period of 18 months. Since there is no written memorandum evidencing the duration of plaintiff's employment, the defendant asserts that the agreement is violative of the statute of frauds, S.C.Code § 11–101(5) (1962), prohibiting actions "upon any agreement that is not to be performed within the space of one year from the making thereof; unless the agreement . . . or some memorandum thereof . . . shall be in writing and signed by the party to be charged therewith."

The plaintiff contends that a letter setting forth most of the terms of the employment contract written to the plaintiff by the defendant's agent on July 16, 1975, but not mentioning its duration, is a sufficient "written memorandum" to avoid the statute and that parole evidence should be admissible to establish the duration of the contract. Alternatively, he contends that if the letter is the contract, then the statute which applies only to oral contracts is inapplicable and parole evidence should be admissible to establish the ambiguity in the contract as it relates to the duration of employment.

Assuming plaintiff adopts the approach in his first cause of action that the contract is an oral contract of employment for not less than 18 months, is the letter of July 16, 1975 from the defendant's agent a sufficient memorandum to take the contract out of the statute of frauds? It is clear that an oral contract of employment for 18 months, is within the statute of frauds since it is incapable of performance within one year. *Joseph v. Sears, Roebuck & Co.*, 224 S.C. 105, 77 S.E.2d 583 (1953). However, a written memorandum, in any form including written correspondence, is sufficient to take the contract out of the operation of the statute if signed by the party to be charged with the agreement and if the writing contains all of the essential terms of the contract. *Barr v. Lyle*, 263 S.C. 426, 211 S.E.2d 232 (1975); *Cash v. Maddox*, 265 S.C. 480, 220 S.E.2d 121 (1975). Here, the letter of July 16, 1975 is signed by the defendant's agent and contains a detailed account of the terms agreed upon. There is, however, no reference to the duration of the plaintiff's employment with the defendant. If the duration of employment is an essential term of the contract, then it

may not be proven by parole evidence and the contract will be within the statute. *Barr v. Lyle, supra* ; *Cash v. Maddox, supra.* Under the theory advanced by the plaintiff, the duration of plaintiff's employment with the defendant is an essential element of his employment contract since it serves as the very basis of his breach of contract claim—that the defendant terminated plaintiff's employment prior to the expiration of 18 months. The cases upon which plaintiff relies are inapposite. *Speed v. Speed*, 213 S.C. 401, 49 S.E.2d 588 (1948) stands for the proposition that time is not of the essence in a contract to convey land since in contracts to sell land, the law implies that the conveyance will be made within a reasonable time. *Accord, McMillan v. McMillan*, 77 S.C. 511, 58 S.E. 431 (1907).

■ Alternatively, assuming plaintiff adopts the approach in his first cause of action that the letter of July 16, 1975, is the written contract, would parole evidence be admissible to show the duration of plaintiff's employment? If the letter of July 16, 1975 is the written contract, as plaintiff contends in his second theory, then the contract was "terminable at will" since no provision as to the duration of plaintiff's employment was in that letter.[1] Since it would be terminable at any time by the parties, it could be performed within a year from the date of its inception, thus removing it from the operation of the statute. *See e. g., Weber v. Perry*, 201 S.C. 8, 21 S.E.2d 193 (1942); *McLellan v. McLellan*, 131 S.C. 245, 126 S.E. 749 (1925). *See also* Annot., 104 A.L.R. 1006, 1007 (1936). However, parole evidence would not be admissible to establish the alleged 18 month term of employment, since there exists no ambiguity as to the duration of plaintiff's employment in the letter of July 16, 1975. *Witte v. Brasington*, 125 F.Supp. 784 (D.S.

C.1952). The letter of July 16, 1975 specifies, in great detail, the terms of plaintiff's employment. Specifically, the letter discusses plaintiff's salary and rate of commission, his area of employment, additional benefits such as fees for membership in various organizations and medical and life insurance, the extent of his authority within his sales area and the possibility of providing him with stock options. The plaintiff contends that the absence of a provision for the duration of plaintiff's employment together with the amount of expenses incurred by the defendant in hiring plaintiff, *i. e.*, membership and dues in various clubs, is sufficient to raise an ambiguity as to the duration of his employment. This reasoning fails in two respects. First, to say that the absence of a provision for the duration of one's employment creates an ambiguity would completely eliminate the rule that contracts silent as to duration of employment are terminable at will, since parole evidence would always be admissible to establish a term of employment. Second, the fact that defendant incurred various expenses in hiring the plaintiff is of little consequence, since a contract terminable at will by its very terms could last as long as ten years or as short as six months.

Thus, viewing the record in the light most favorable to the plaintiff, *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970), under either of the two theories of plaintiff's case with respect to his first cause of action, there exists no genuine issue as to any material fact and the defendant is entitled to judgment on the first cause of action as a matter of law.

■ Since, however, plaintiff's second cause of action is not a suit "on the contract" but rather one alleging fraud on the part of the defendant, the statute of frauds would not be a defense to the action.[2]

---

1. Nor may it be plausibly argued that plaintiff's move from Tennessee to Greenville, South Carolina is such "independent consideration" to remove this case from the operation of that rule. *Witte v. Brasington*, 125 F.Supp. 784 (1952); *Orsini v. Trojan Steel Corp.*, 219 S.C. 272, 64 S.E.2d 878 (1951).

2. Parole evidence would be admissible to prove the facts which constitute the alleged fraud. *Allen-Parker v. Lollis*, 257 S.C. 266, 185 S.E.2d 739 (1971); *Henderson v. Rice*, 160 S.C. 307, 158 S.E. 258 (1931).

Accordingly, defendant's motion for summary judgment is granted as to the first cause of action and denied as to the second cause of action.

AND IT IS SO ORDERED.