## 1446

Emma COUSAR, Appellant v. SHEPHERD-WILL, INCORPORATED, Respondent.

(387 S. E. (2d) 723)

Court of Appeals

*K. Winchester Gaines*, Columbia, *for appellant.*

*Joseph McCrorey*, Rock Hill, *for respondent.*

Heard Dec. 6, 1989.

Decided Jan. 2, 1990.

SANDERS, Chief Judge:

Appellant Emma Cousar brought this action against respondent Shepherd-Will, Inc. for specific performance of a contract to convey real property. The Circuit Court granted summary judgment for Shepherd-Will, holding that the description of the property in the contract failed to satisfy the requirements of the Statute of Frauds because it is vague and uncertain, and that parol evidence is inadmissible to clarify and supplement the vague description. We affirm for essentially the same reasons as those given by the Circuit Court in its well-reasoned order granting summary judgment.

The alleged contract between the parties described the property to be conveyed as follows: "5 acres land adjoining property owned by the purchaser and this being formerly land of Shepherd-Will, Inc. located on north side of Highway 223. This 5 acres to be surveyed at earliest time possible at which time plat will be attached and serve as further description on property."

It is undisputed that Shepherd-Will owns only one tract of land adjoining the property of Ms. Cousar, but it is also undisputed that its tract consists of approximately 100 acres and has a common boundary with her property of approximately 1,140 feet.

The Circuit Court relied on the decision of our Supreme Court in *Cash v. Maddox*, 265 S. C. 480, 220 S. E. (2d) 121 (1975). There, the defendants allegedly contracted to sell the plaintiffs "15 acres in Pickens, S. C." According to the evidence, the defendants owned a 76 acre tract of land in Pickens County, of which 15.6 acres were south of the Pickens-Greenville Highway. The Circuit Court ordered specific performance. The Supreme Court reversed.

The Supreme Court first stated the general rules that:

> One of the essential terms of a contract of sale of land is the identification of the land. A decree for specific performance operates as a deed. Hence, the land must be described so as to indicate with reasonable certainty what is to be conveyed. Parol evidence cannot be relied upon to supplement a vague and uncertain description.

*Id.* at 484, 220 S. E. (2d) at 122 (citations omitted).

The Court then held that:

> The alleged contract gives no definite location or shape of the 15 acres. The writing does not indicate whether the subject matter of the contract was north or south of the road, or in another area of the county. The fact 15.6 acres of the entire tract may be south of the road is not legally sufficient to satisfy the Statute of Frauds. Parol evidence may be used to explain terms appearing in the description, but the description itself must clearly identify the particular parcel of land.

*Id.*

*Cash* is indistinguishable from the instant case. Just as there was no way to determine from the contract in *Cash* which 15 acres the parties intended to convey, there is no way to determine from the contract in the instant case which 5 acres the parties intended to convey. *See also Hyde v. Cooper,* 34 S. C. Eq. (13 Rich. Eq.) 250, 257 (1867) ("The memorandum contains no description but by reference to a verbal agreement, and however precise that may have been, however exactly the survey corresponded with it, the question at last is, how the Statute of Frauds has been satisfied.").

Ms. Cousar relies on three cases: *Kennedy v. Gramling,* 33 S. C. 367, 11 S. E. 1081 (1890); *Peay v. Seigler,* 48 S. C. 496, 26 S. E. 885 (1897); and *Speed v. Speed,* 213 S. C. 401, 49 S. E. (2d) 588 (1948). Carefully read, *Kennedy* and *Peay* do not support her position. They hold:

> [W]henever the writing or writings relied upon show, in themselves, that both parties referred to the same property, then the requirements of the statute are fulfilled, and parol evidence may be resorted to for the purpose of designating what particular piece of property both parties had reference to; but where it does not appear from the writings themselves what property was referred to by the parties, then parol evidence is not competent to show that fact. In other words, the writings relied upon must,·in and of themselves, furnish the evidence that the minds of the parties met as to the particular property which the one proposed to sell, and the other agreed to buy; and when such evidence is not found in the writings, it cannot be supplied by parol. . . .

*Kennedy v. Gramling,* 33 S. C. at 384, 11 S. E. at 1087; *Peay v. Seigler,* 48 S. C. at 507-08, 26 S. E. at 890. In the instant case, the contract does not show, in and of itself, that both parties were referring to the same property. Rather, they each could have been referring to an entirely different 5 acres within the 100-acre tract owned by Shepherd-Wills and adjoining the property of Ms. Cousar.

*Speed* is distinguishable on its facts. There, unlike here, the contract contained a description generally known in the community, and the seller owned only one parcel of land answering the description.

For these reasons, the order of the Circuit Court is

Affirmed.

GARDNER and GOOLSBY, JJ., concur.